HARDY, Judge.
This is a suit in which plaintiff prays for a judgment ordering specific performance of a contract of sale entered into between plaintiff and the two defendants, Zennie E. Madden and Mrs. Evelyn Madden Williams. After trial there was judgment for plaintiff as prayed, from which defendants have appealed.
By instrument dated February 14, 1951, plaintiff entered into an agreement to buy the interest'of a number of his co-owners in and to a particularly described tract of land containing approximately 154 acres, located in Red River Parish, Louisiana. These defendants are parties to the said instrument under the terms of which they agreed to sell their interest to plaintiff. The entire interest of all the sellers represented an undivided five-twelfths interest in the property, the interest of these defendants being an undivided one-twelfth each. Plaintiff was the owner of the remaining undivided seven-twelfths interest, having bought an undivided one-half interest from his father in the year 1949, and having acquired a one-twelfth interest by inheritance from the estate of his father, deceased since said sale. The consideration set iorth in the instrument was fixed at the sum of $4,166.67, of which the sum of $833.34 represented- the part of each of the named defendants herein. The other parties to the agreement complied with their commitments but these defendants refused to execute deeds to their interest and were properly placed in default by tender made -by plaintiff; which tender was refused. Accordingly, plaintiff instituted this suit to compel performance.
By way of defense it is contended that the true consideration was not stated, in the “purported” contract at the time of execution by these1 defendants, and, further, that the property had a fair market value in excess of $150.00 per acre and the purchase price of approximately $65.-00 per acre . constituted lesion beyond moiety.
On trial defendants attempted to introduce parol testimony in support of their announced contention that the first page of the contract of sale document relied upon by the plaintiff, which contained the consideration, was not attached at the time of signing by the defendants. On objection the trial Judge excluded testimony on this point and it is of this ruling that defendants first complain.
The written opinion of the District Judge supports his ruling on the ground that defendants had failed to set forth allegations of fraud and error sufficient to place the question beyond application of the rule of evidence prohibiting the admission of parol testimony, citing Article 2276 of the Civil Code.
It is argued on behalf of defendants that their answer only admitted the signing of a page of the contract to sell and therefore did not admit the execution of the contract as a whole. In support of their position defendants point to the allegations of Articles 4-and 13 of their answer, which read respectively as follows:
“4.
“The allegations of paragraph 4 are denied as written and further answering said paragraph your defendants show that the true consideration was not stated in the purported contract at the time of signing by your defendants.
“13.
“Your defendants show that no price was agreed upon at the time of signing of the alleged contract to sell. It being understood and agreed that the market value of the said, property would be paid by the plaintiff.”
It is to be observed that the allegations relied upon do not charge any fraud on the part of plaintiff and at most can be construed simply as" ah "assertion of a lack of meeting of the minds between the parties on the matter of consideration. In view of the fact that the signed docu *762 ment specifically sets forth the amount of the consideration, it is evident that defendants cannot now he held to contradict the plain terms and provisions of the written instrument which they executed. The door could only have been opened by proper, allegations of fraud and since no allegations were made, it is evident that the ruling of the District Judge was correct.
On the question of lesion beyond moiety, defendants offered a number of witnesses who testified with respect to the value of the land. With noticeable uniformity several of these witnesses fixed the value at the flat figure of $150.00 per acre. No evidence of any recent sales of property in the vicinity was offered on the part of defendants. Additionally, defendants produced a witness who testified that he had offered them $150.00 per acre for the land. However, this witness testified that at the time he made the “offer” he knew that the property was “tied up” and could not be sold. The testimony of this witness is further weakened by his admission that he only visited Red River Parish once about every 25 or 30 years; that he had visited the vicinity in which the land was located only twice in his life and that he had made a personal inspection of the land, which was followed by his offer, only about a month before trial of the case, which was several months after the execution of the contract sued upon.
Opposed to the general tenor of defendants’ evidence plaintiff introduced evidence of sales in which the prices were commensurate with that offered in this instance.
It must be borne in mind in consideration of the defense of lesion beyond moiety that the burden is upon the party asserting such defense and that the evidence must be, in the words of our courts, “peculiarly strong and convincing”. Girault v. Feucht, 120 La. 1070, 46 So. 26; Morris v. Kleinpeter, 197 La. 758, 2 So.2d 203.
A number of factors enter into the evaluation of testimony in support of this defense. Obviously the market value of land is considerably lessened by reason of the undivided ownership thereof. It is equally true that market value cannot be measured by the mere opinion of -a land owner. Circumstances might very well influence an owner to take substantially less than market value in order to effect a necessary sale. Conversely, an owner, because-of purely personal reasons, might refuse an offer far exceeding market value. It is noted that this plaintiff purchased his father’s undivided one-half interest in this property at the same price which was fixed in the contract of sale by which he agreed to purchase the interest of his co-owners. While the purchase from his father took place in 1949 no facts were established which would indicate any substantial increase in value by 1951. The trial Judge clearly analyzed this proposition in his written opinion. He is a longtime resident of Red River Parish and must be admitted to be acquainted with the general nature, character and value of land similar to that here involved. We find no ground for disagreement with his conclusions.
For the reasons assigned the judgment from which appealed is affirmed at appellant’s cost.
KENNON, J., not participating.