STOKER, Judge.
The sole issue on appeal in this case is the interpretation to be given to a clause in a community property agreement between defendant-appellant, Bivion Cecil Brooking, and plaintiff-appellee, Freddie Lavergne Brooking. The clause in contention, found in Article IV, Subsection 1 of the agreement, is as follows:
“BIVION CECIL BROOKING, JR., AND FREDDIE LAVERGNE BROOKING agree further to these items:
“1) BIVION CECIL BROOKING, JR., will assume and pay $13,757 of 1978 income tax billed to and due by Freddie Lavergne Brooking as part of the community settlement, plus the state tax for the year 1978.”
The appellee claims that the disputed clause renders the appellant liable not only for the amount of taxes mentioned in the agreement but also for any penalties and interest accruing for failure to pay that amount timely. The appellant contends that the clause quoted above limits his liability for appellee’s tax debt to the amount specified, the sum of $13,757.00.
The trial court overruled an Exception of No Right and No Cause of Action filed by appellant. After trial on the merits the trial court held appellant liable to appellee for the sum of $932.04, the amount of penalties and interest which appellee was required to pay on $13,737.00.
FACTS
The parties entered into the community property agreement in question on December 10,1979, and were divorced on the same day. The parties agree that the figure of $13,757.00 stated in paragraph IV, subpara-graph 1 of their agreement was derived by the appellant’s accountant in an amended tax return for 1978 filed in November of 1979 and was the accountant’s estimate of the appellee’s share of the 1978 federal income tax.
The appellee’s actual tax assessment without penalties and interest was $13,-737.00, as shown by an Internal Revenue Service Tax notice dated February 11,1980. With interest, the tax at the time of the February 11 notice amounted to $14,442.29. The appellant sent two checks[1] totalling $13,737.00 to the appellee on March 10, 1980.
*1344 Appellee paid $13,737.00 to the Internal Revenue Service using these two checks. She then received a second billing from the Internal Revenue Service dated April 4, 1980, for $705.29 owed as interest on the first bill plus an additional interest charge for $158.07 and a late payment penalty of $68.68. In response to the second billing appellee paid the total of $932.04 by check dated April 5, 1980. This sum of $932.04 was awarded to the appellee by the trial court.
ISSUES
The appellant contends that the trial court erred in two respects in making this award:
1. In overruling the Exception of No Right and No Cause of Action filed by defendant, Bivion Cecil Brooking; and
2. In holding that Article Four (4) SubSection (1) of the Community Property Contract “was not restrictive and limited in nature”.
These assignments of error are discussed below.
WAS THE EXCEPTION OF NO RIGHT AND NO CAUSE OF ACTION PROPERLY OVERRULED?
With respect to appellant’s “exception of no cause or right of action” it is clear that appellant’s pleading sets forth an exception of no cause of action only. The exception as particularized reads in part that “plaintiff’s allegations fail to show or disclose any cause or right of action as the defendant has paid the amount he agreed to pay as set forth in Paragraph IV(1) of the community property settlement.”
Reserving judgment for the moment as to whether the allegations in the petition, based on questions of interpretation of the agreement, state a cause of action for the full sum of $932.04 prayed for, we find that the allegation that the defendant paid only $13,737.00 of the petitioner’s 1978 taxes although he agreed to pay $13,757.00 of that debt states a cause of action for the sum of $20.00. When a petition states a cause of action as to any ground or portion of the demand, the exception of no cause of action must be overruled. Rodriguez v. American Bankers Insurance Company of Florida, 386 So.2d 652 (La.1980); Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975).
DOES THE COMMUNITY PROPERTY AGREEMENT LIMIT APPELLANT’S LIABILITY?
Appellant contends that the language of Article IV, subsection 1 of the community property agreement quoted above limited and restricted his liability for the appellee’s 1978 tax liability to the maximum sum of $13,757.00 specified. Appellant also cites LSA-C.C. art. 2236 to support his argument. Article 2236 states:
“The authentic act is full proof of the agreement contained in it, against the contracting parties and their heirs or assigns, unless it be declared and proved a forgery.”
We find that the language of the section of the community property agreement is clear and unambiguous in expressing the intention to limit the appellant’s liability. We also find that the agreement is in authentic form, having been executed before a notary public and two witnesses in conformance with LSA-C.C. art. 2234.[2] Therefore, the community property agreement is full proof of the agreement be *1345 tween the contracting parties in this case. Since the language of the section of the agreement in dispute is clear and unambiguous, and no allegations were made that the contract is a forgery, the court cannot vary the terms of the agreement by parol evidence. LSA-C.C. art. 2276; Gay v. Martinolich, 271 So.2d 689 (La.App. 1st Cir. 1972).
Appellee sought by parol evidence to establish that the figure stated in the agreement represented the total amount of tax, exclusive of any interest and penalties that might be assessed and which the parties anticipated would be owed by the appellee. Appellee’s position is that the parties actually agreed that the appellant would be liable for the appellee’s total income tax debt for 1978, calculated from a base of $13,757.00; that is, base plus any interest and penalties which might be assessed. However, the disputed section of the agreement clearly states that the appellant, Bivion Cecil Brooking, Jr., “will assume and pay $13,757.00 of 1978 Income tax billed to and due by Freddie Lavergne Brooking,” the appellee. (Emphasis supplied.) Parol evidence should not be admitted to alter the terms of an agreement in authentic form in the absence of fraud, error, a counter-letter, or an assumption of facts to the contrary made by the parties thereto. Cosey v. Cosey, 376 So.2d 486 (La.1979); Summers v. Summers Brothers, Inc., 385 So.2d 489 (La.App. 1st Cir. 1980); Morrison v. Richards, 343 So.2d 375 (La.App. 4th Cir. 1977), writ denied, 345 So.2d 503 (La.1977); Miles v. Miles, 328 So.2d 394 (La.App.3rd Cir. 1976).
No fraud, error, or counter-letter was alleged in this case, and the only admission of facts shown by the record is that the figure of $13,757.00 in the agreement was the appellee’s tax debt anticipated by the parties. This admission does not show that the parties intended that the appellant would be liable for more than $13,757.00 should the appellee’s total tax debt be greater than that amount.
The trial court reached the opposite conclusion in formulating its judgment. In its reasons for judgment the trial court stated:
“I do not agree, under the facts of this case and the language of the contract, that Plaintiff’s obligation is limited to this specific monetary figure recited in the agreement. In my view, that is simply describing the income tax as it existed on the date of the agreement.”
The court does not give further reasons to support these conclusions.
For the reasons stated above, we find that appellant is liable for $13,757.00 of appellee’s 1978 tax debt and no more under the terms of the community property agreement. We also find that the appellant’s total tax debt[3] was $14,669.04 and therefore it exceeds the amount appellant agreed to pay. Consequently, appellant was obligated to pay the full amount of $13,757.00. Inasmuch as the appellant paid only $13,-737.00 of the appellee’s total tax debt and he agreed to pay $13,757.00 of that debt, we amend the trial court’s judgment to render judgment in favor of appellee Freddie Lav-ergne Brooking, and against appellant, Bivion Cecil Brooking, in the sum of $20.00 together with legal interest thereon and costs of these proceedings in the trial court. Plaintiff-appellee is cast for all costs of this appeal.
AMENDED AND AFFIRMED AS AMENDED.

. An issue raised at trial was whether one of these checks, which was a refund from the State of Louisiana in the amount of $902.00, represented community property, and therefore whether half of the amount was already owned by the appellee. The trial court, however, found that under another clause in the community property agreement the check was fully owned by the appellant before he assigned it to the appellee to discharge part of her tax debt. *1344 The appellee did not answer the appeal and this point is not at issue before us, as is conceded in appellee’s brief.

. LSA-C.C. art. 2234 provides in pertinent part:
“The authentic act, as relates to contracts, is that which has been executed before a notary public or other officer authorized to execute such functions, in presence of two witnesses, aged at least fourteen years, or of *1345 three witnesses, if a party be blind. If a party does not know how to sign, the notary must cause him to affix his mark to the instrument.”
4: sj< ¡fc * * %

. As pointed out by the trial court, under section 6601(e)(1) of the Internal Revenue Code interest and penalties are considered part of the tax.