423 So.2d 710 (1982)
Doyle Dewane STEADMAN, Plaintiff-Appellant,
v.
Toni Vercher STEADMAN, Defendant-Appellee.
No. 82-250.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1982.
Rehearing Denied January 6, 1983.
*711 Charles W. Seaman, Natchitoches, for plaintiff-appellant.
Whitehead & McCoy, Charles R. Whitehead, Jr., Natchitoches, for defendant-appellee.
Before DOUCET, LABORDE and YELVERTON, JJ.
YELVERTON, Judge.
Plaintiff, Doyle Dewane Steadman, brought suit against Toni Vercher Steadman seeking to set aside on the basis of lesion the community property agreement they entered into as a settlement of the former community of acquets and gains existing between them. Plaintiff appeals from a judgment dismissing his demands at his costs. We affirm for different reasons.
The record reveals the following facts. On May 30, 1978 the parties entered into a community property settlement agreement. By this agreement Doyle Steadman transferred his undivided interest in the following property to his former wife:
1) The family home and lot;
2) The 1977 Mustang automobile;
3) All furniture, appliances, fixtures and all contents of the family home.
Toni Steadman transferred to Doyle her undivided interest in the following items:
1) MG automobile;
2) A barbeque pit;
3) A camera;
4) Certain books belonging to Doyle Dwane Steadman;
5) A barge and motor;
6) A Sounde Sign stereo;
7) One bicycle;
8) One Sears television;
9) One small ice chest.
Besides partition of the above community property the agreement also provided for the following:
1) That Doyle pay his former wife $50;
2) That Toni assume the payments on the 1977 Mustang;
3) That Doyle assume the payment of the note for carpet purchased;
4) That if Toni sells the family home within five years of the agreement, Doyle shall receive $2,500, otherwise Doyle shall be due nothing from the sale of the house.
At trial the defendant Toni, over the objection of the plaintiff Doyle, offered evidence to show that Doyle had received monies from his retirement benefits and his life insurance policies which were not included in the community property settlement agreement. Including these items in his calculations, the trial court found that each party received property of substantially equal value and dismissed Doyle's demands at his costs.
The issues are 1) whether the trial court erred in admitting items outside the agreement and 2) whether the trial court erred in failing to set aside the agreement on the basis of lesion.
Appellant contends that the agreement was by authentic act and is therefore full proof between the parties and that the trial court erred in considering the life insurance and retirement benefits in determining whether the agreement should be set aside on the basis of lesion. We agree.
The community property settlement agreement clearly indicated the property *712 included within the partition. Its provisions are clear and unambiguous. The agreement is also in authentic form, having been executed before a notary public and two witnesses in conformity with La.Civ. Code art. 2234. Therefore under La.Civ. Code art. 2236 the document is full proof of the agreement between the contracting parties. Since the agreement is clear and unambiguous as to the property included and there have been no allegations that the contract was a forgery, the trial court erred in varying the terms of the agreement by allowing parol evidence to show that the husband also received the life insurance and retirement benefits.[1] See La.Civ.Code art. 2276; Brooking v. Brooking, 407 So.2d 1342 (La.App. 3rd Cir.1981); Gay v. Martinolich, 271 So.2d 689 (La.App. 1st Cir.1972).
This error, however, is of no consequence in the ultimate resolution of the case as we find that without counting the omitted benefits, the partition is still not affected by lesion.
In considering whether an agreement should be set aside on the basis of lesion, the applicable codal provisions are La.Civ. Code arts. 1860, 1861(1) and 1398, which provide as follows:
"Art. 1860. Lesion is the injury suffered by one who does not receive a full equivalent for what he gives in a commutative contract. The remedy given for this injury, is founded on its being the effect of implied error or imposition; for, in every commutative contract, equivalents are supposed to be given and received.
"Art. 1861. The law, however, will not release a person of full age, and who is under no incapacity, against the effect of his voluntary contracts, on account of such implied error or imposition, except in the two following cases:
"1. In partition where there is a difference in the value of the portions to more than the amount of one-fourth to the prejudice of one or [of] the parties;
* * * * * *
"Art. 1398. They may even be rescinded, on account of lesion; and, as equality is the base of partitions, it suffices to cause the rescission, that such lesion be of more than one-fourth part of the true value of the property."
As the court stated in Bedwell v. Bedwell, 399 So.2d 685 (La.App. 1st Cir.1981):
"The proper way to determine lesion beyond one-fourth is to first determine the property's true value and then to calculate whether a party received threefourths of his share. LSA-C.C. Art. 1398. Pitre v. Pitre, 162 So.2d 430 (La. App. 3rd Cir.1964), affirmed 247 La. 594, 172 So.2d 693 (1965)."
The plaintiff has the burden of proving that he or she received less than threefourths of the share to which he was entitled. Furthermore, this burden of proof must meet the "clear and convincing" test. Ozane v. Ozane, 392 So.2d 774 (La.App. 3rd Cir.1980).
There were twelve items of community property partitioned. At trial the values of three of these were stipulated as follows:

1. Equity in house and lot $9,108.00
2. Barge and motor 1,350.00
3. Equity in Mustang -0-

The trial judge considered the proof of the following six items to be as follows:

1. Household furniture $ 600.00
2. Camera 100.00
3. MG automobile 640.00
4. Stereo 200.00
5. Television 50.00
6. Bicycle 30.00

It is apparent from the trial court's written reasons that there was no evidence presented, hence no basis for evaluating the remaining three items, the barbecue pit, antique trunk and books.
We have studied the record and agree with the trial court's findings of fact as to these values. We move now to a consideration of whether, under the whole contract of partition, lesion has been proved.
*713 By simple addition, the value of the community property that was partitioned was $12,078. An exact partition of values represented by these 12 items would have resulted in each party receiving the equivalent in value of $6,039. Obviously, this did not happen. Toni received property valued at $9,758 while Doyle's share was only $2,370.40.
There is more to the partition, however, than the simple allocation of items of property. It is apparent that the parties recognized the disparity in the amount of property each received and attempted to adjust the differences elsewhere in the settlement. This adjustment appears in the agreements that (1) Doyle pay Toni $50, (2) Toni assume the payments on the Mustang, (3) Doyle assume the payments on the carpet note, and (4) Toni pay Doyle $2,500 from the proceeds of the house if she sells it within five years from date of partition.
The most significant of these four items was Toni's assumption of the note on the Mustang. The balance due, and the obligation she thereby assumed, was $3,468. A few weeks before the partition when the judgment of separation was granted, the trial court had ordered Doyle to pay the notes on the Mustang as part of his child support obligations. Therefore, when Toni assumed these payments under the partition, this was a direct financial benefit to Doyle in the amount of $3,468. The Mustang itself had a zero value for partition purposes, since there was no equity value in it. Thus, when Doyle was relieved of his judgment debt for child support expressed in terms of the car payments, this financial adjustment not only benefited him to the extent of $3,468, but at the same time in a like amount it decreased Toni's effective share of the partition, because it burdened her with an additional obligation for child support  or car notes, however one might choose to describe it.
In the same way, of course, Doyle's payment to his wife of $50 and his assumption of the carpet note ($449), operated to switch $499 from his column to hers.
The result means $6,789 for Toni and $5,339 for Doyle. These calculations do not take into account the possibility that Doyle will benefit further from the partition in the amount of $2,500, should Toni sell the house within five years from the agreement.
Based on the true value ($12,078) of the property being partitioned, Doyle's actual share ($5,339) was well above the threefourths ($4,529) to which he was entitled. Lesion does not exist and the trial court properly dismissed the petition to rescind the partition.
For the reasons given, the judgment appealed from is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] These items, evidently omitted by mutual oversight, are properly the subject matter of a supplementary partition. See La.Civ.Code art. 1401.