LOTTINGER, Judge.
This is an appeal by defendant, Norman Gordon, Sr., from a judgment “homolgating and ratifying” an agreement styled “Tentative Community Property Settlement.”
FACTS
Norman Gordon, Sr. and Grace Lloyd Gordon were judicially separated on March 10, 1977. On or about June 17, 1977, Mr. Gordon filed a suit for partition of the community property of the marriage. The trial court ordered a notary public to make an inventory of the community property.
Sometime in early September, 1977, Mr. and Mrs. Gordon discussed a voluntary partition of the community property. The document entitled a “Tentative Community Property Settlement Agreement” was executed by Mr. Gordon, Sr. on September 19, 1977, and by Grace Lloyd Gordon on October 7, 1977. Mrs. Gordon accepted on the latter date subject to Mr. Gordon’s acceptance of an addendum to the agreement which she attached to the main document. *1044 Mr. Gordon signified his assent to the addendum by signing it on October 14, 1977. The full text of the “Tentative Community Property Settlement Agreement” and addendum is attached as an appendix.
Mrs. Gordon stated that she and her children moved out of the family house as of the signing of the agreement in October, 1977. Mr. Gordon said that he has lived in the house since then except for a six-month period during which he rented the house to a tenant.
Apparently, the Gordons obtained a judgment of divorce on July 21, 1978. More than a year later, Mrs. Gordon made demand upon Mr. Gordon in October of 1979 to execute a final community property settlement in accordance with the earlier 1977 tentative property settlement. He refused and she brought the present suit for specific performance to compel Mr. Gordon to do so.
SPECIFICATIONS OF ERROR
The appellant, Mr. Gordon assigns four errors on appeal:
1) The trial court erred in adjudging the “Tentative Community Property Settlement Agreement” binding upon the parties.
2) The trial court’s judgment was not responsive to the pleadings.
3) The trial court’s judgment is erroneous because it fails to include other community assets and community debts.
4) The trial court erred in not setting the agreement aside because the partition is lesionary as regards the appellant.
I
Appellant argues that a casual reading of the agreement must lead the court to the conclusion that the parties involved only intended to initiate a community property settlement.
Since the trial court by its judgment homolgated and ratified this agreement, it must have concluded as we do that the only tentative issue in the agreement was the “dimension” or description of the property to be received by plaintiff, Grace Gordon. This lone issue was settled when plaintiff and defendant executed an addendum to the original agreement and described the property to be received by Grace Gordon.
Thus we conclude as did the trial judge that since this property was the only remaining community asset, and there were no outstanding community debts, that there were no additional issues to be resolved by the parties.
II
Appellant contends that Mrs. Gordon sought specific performance, but the trial court instead decreed a transfer of title to Mrs. Gordon.
What the trial judge did was to decree the end result instead of ordering specific performance within a certain time frame, and in the absence of the defendant executing a community property settlement, to decree a transfer of title. We agree with the appellant that the trial judge was technically in error. Thus we will amend the judgment to order the defendant Norman Gordon, Sr. to execute a community property settlement under the terms of the 1977 agreement between the parties as amended within 15 days of the finality of this judgment, and if the defendant fails to do so, this judgment shall transfer title to each party.
III
The record is clear that there were no remaining community assets to be partitioned, nor were there any outstanding community debts. Thus this argument of error has no merit.
IV
Appellant argues that the community property settlement should be set aside on the basis of lesion.
*1045 On October 16,1980, a notary public conducted an inventory of the immovable property belonging to Mr. and Mrs. Gordon. With the aid of an appraiser he calculated the total worth of the property to be $37,-083. This appraisal was based on the three tracts of land owned by the Gordons and the former family home, smokehouse, and hay bam which were in poor condition. The appraiser found that the property was worth $1,500 an acre, and the house and other structures were worth $6,000. The proper way to determine lesion beyond one-fourth is to first determine the true value of the property partitioned and to then calculate whether a party received three-fourths of his share. La.Civ.C. arts. 1860, 1861 and 1398; Bedwell v. Bedwell, 399 So.2d 685 (La.App. 1st Cir.1981).
If the total value of the community estate was $37,083 and half would be $18,-541.50, then the defendant must receive at least a value of $13,906.13; otherwise the agreement is lesionary.
By the terms of the settlement agreement the defendant is to receive the house and other buildings valued at $6,000 plus five (5) acres at $1,500 each, or a total of $13,500. Thus it would appear that defendant is short by $406.13 the least amount that he should have received. However, we note that though the settlement agreement mentions that each party is to receive a certain amount of acreage, the agreement describes by metes and bounds the property that each is to receive as a result of the settlement. There were no surveys introduced into evidence to show that the property described contained only the acreage allocated. Since the difference in value is so small, and same could be contained in the acreage received by defendant, we are of the opinion that Norman Gordon has failed to prove lesion.
Therefore, for the above and foregoing reasons:
IT IS ORDERED, ADJUDGED AND DECREED that Norman W. Gordon, Sr. be and he is hereby ordered within fifteen (15) days of the finality of this judgment to execute a community property settlement agreement with Grace Lloyd Gordon under the same terms and conditions of the “Tentative Community Property Settlement Agreement” executed by Norman W. Gordon, Sr. on September 19, 1977, and by Grace Lloyd Gordon on October 7,1977 and the addendum to “Tentative Community Property Settlement” executed by Norman W. Gordon, Sr. on October 14, 1977 and by Grace Lloyd Gordon on October 7, 1977, a copy of which is attached as an appendix.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in the absence or refusal of Norman W. Gordon, Sr. to execute a community property settlement as above ordered, then Norman W. Gordon, Sr. be and he is hereby declared the sole owner of the following described property, which ownership is exclusive of any rights of ownership formerly held by Grace Lloyd Gordon, to wit:
A CERTAIN TRACT OR PARCEL OF LAND situated in Sec. 5, T7S, R6E, Livingston Parish, Louisiana, and being more particularly described as commencing at the northwest corner of the northeast quarter of said Sec. 5; thence proceed south 1,269.70 feet for a point of beginning; from said point of beginning continue south 400 feet; thence east 535 feet; thence north 370 feet; thence east 128.96 feet; thence north 30 feet; thence west 663.96 feet to the point of beginning containing 5 acres more or less;
The said Norman W. Gordon, is declared the owner of said property without warranty, but with full subrogation to all rights of warranty as were formerly held by Grace Lloyd Gordon.
And that Grace Lloyd Gordon be and she is hereby declared the sole owner of the following described property, which ownership is exclusive of any ownership interest as may heretofore been held by Norman W. Gordon, Sr., to wit:
A CERTAIN TRACT OR PARCEL OF LAND situated in Sec. 5, T7S, R6E, Liv *1046 ingston Parish, Louisiana and being more particularly described as commencing at the northwest corner of the northeast quarter of said Sec. 5; thence proceed south 1,669.70 feet for a point of beginning; from said point of beginning continue south 1,039 feet; thence east 613.85 feet; thence north 1,353 feet; thence west 128 feet; thence south 370 feet; thence west 535 feet to the point of beginning;
Together with a right of way 30 feet in width extending from the northeast corner of the above described property on a westerly direction to the public road which lies east of the Hugh Smith Tract.
As amended, the judgment of the trial court is affirmed at defendant-appellant’s costs, both in the trial court and in this court.
AMENDED AND AFFIRMED.
APPENDIX
TENTATIVE COMMUNITY PROPERTY SETTLEMENT AGREEMENT
BETWEEN: Norman W. Gordon
AND: Grace A. Gordon
BE IT KNOWN BY THESE PRESENTS that on this date, before the undersigned Notaries Public, personally came and appeared Norman W. Gordon and Grace A. Gordon, who, after being first duly sworn, did depose and say:
That they were legally separated from bed and board during the month of March, 1977, by judgment of the 21st Judicial District Court, Parish of Livingston, State of Louisiana.
That since that time, the parties have not lived together as husband and wife and have not reconciled, and they are appearing herein for the purpose of tentatively settling the community regime which existed prior to legal separation.
In order to effect a tentative settlement, Norman W. Gordon is to receive the house, furniture and fixtures, five (5) acres of land, well and pump, said five (5) acres of land to encircle the house, and described as follows:
Starting at the Northwest corner of the Northeast Quarter (NE Vi) of Section 5, T7S, R6E, proceed South 1269.70 feet for the point of beginning. Thence South 400 feet and corner; thence East 535 feet and corner; thence North 370 feet and corner; thence East 128.96 feet and corner; thence North 30 feet and corner; thence West 663.96 feet to point of beginning, containing approximately five (5) acres.
The possession of said house by Norman W. Gordon is to take effect as of the signing of this agreement.
Grace A. Gordon, as part of her settlement, is to receive the remaining sixteen (16) acres of land along with the well situated thereon, which is the remaining property purchased from William M. Hoover on February 13, 1964, and from Hugh Smith on April 7, 1975; the dimension of said tract to be revealed at the time of the final community property settlement agreement.
The said appearers are parties in the action entitled Norman W. Gordon vs. Grace A. Gordon, Number 29,401, 21st Judicial District Court, Parish of Livingston, State of Louisiana. The said appearers have tentatively agreed upon this settlement pursuant to said partition action wherein Norman W. Gordon is to receive the above five (5) acres and Grace A. Gordon is to receive the remaining sixteen (16) acres.

*1047

*1048 ADDENDUM TO TENTATIVE COMMUNITY PROPERTY SETTLEMENT
Norman W. Gordon and Grace A. Gordon hereby agree as an addendum to that certain Tentative Community Property Settlement executed by Norman Gordon on September 19, 1977 and by Grace Gordon on October 7, 1977, as follows:
The property to be received by Grace Gordon in the final community property settlement shall be described on Exhibit “A” attached hereto and initialed by the parties.
In addition to the property received by Grace Gordon together with a well situated thereon, she shall receive a right of way thirty (30) feet in width from the Northeast corner of the property received by her in a Westerly direction and leading from property received by Norman Gordon to the public road which lies East of the Hugh Smith tract.
It is agreed and understood that each parcel to be received by each party shall be free and clear of all liens and encumbrances at the time of the final community property settlement.