FRED W. JONES, Jr., Judge.
Plaintiff husband filed suit for separation on December 1, 1977 and judgment was rendered on January 6, 1978. The same day a community property settlement and a cash sale deed were executed giving the husband three parcels of land, equipment used in his business, two vehicles, two trailers, cattle, and all other assets not specifically given to the wife. The husband also assumed all community debts. The wife received one vehicle and $30,000, payable $7,000 in cash, with the balance evidenced by a promissory note bearing no interest and payable in monthly installments of $300.
On November 10, 1980, the wife petitioned for rescission of the community property agreement and the deed implementing that agreement, claiming lesion. The trial court held that she failed to meet her burden of proof, and dismissed the suit. The wife appealed. For the following reasons, we affirm.
Louisiana Civil Code Article 1861 states in pertinent part:
Art. 1861. The law, however, will not release a person of full age, and who is under no incapacity, against the effect of his voluntary contracts, on account of such implied error or imposition, except in the two following cases:
1. In partition where there is a difference in the value of the portions to more *85 than the amount of one-fourth to the prejudice of one or [of] the parties;
2. In sales of immovable property
In the case of Beatty v. Vining, 147 So.2d 37 (La.App. 2d Cir.1962), writ denied, this court established that a voluntary partition of community assets may be rescinded for lesion even though the partition involves both movables and immovables. The limitation of rescission to sales of im-movables has no application to partitions.
In order to establish lesion, the party attempting to set aside the sale (or partition) must prove his case by clear and convincing evidence. Alexander v. State, Dept. of Highways, 342 So.2d 1201 (La.App. 2d Cir.1977); Ozane v. Ozane, 392 So.2d 774 (La.App. 3d Cir.1980). Mrs. Stuckey had the burden of proving that at the time of the partition the fair market value of the property she received was less than 75% (3/iths) of the fair market value of the property her husband received. “Speculative values are not to be considered in resolving the question of whether or not lesion exists.” Whittington v. Whittington, 229 So.2d 193, 197 (La.App. 2d Cir. 1969), writ denied.
Mrs. Stuckey adduced no evidence whatsoever as to the condition of various properties she was seeking to value. For example, her expert testified that a 1968 Bronco was worth $1,000 in 1978. On cross-examination the expert admitted having no knowledge as to the condition of the upholstery, the condition of the paint job, the mileage on the odometer, or even whether the engine would run. He further testified that he based his appraisals on looking in the newspaper at vehicles currently ten years old and figuring that a ten year old vehicle in 1978 would be similarly priced. All of the wife’s evidence as to the value of the movables was too speculative to be considered clear and convincing proof.
The primary dispute was directed at the value of the home and the 167 acres surrounding the home. Mrs. Stuckey had one expert testify on his appraisal of the land. While this expert was clearly qualified, there is serious doubt about the accuracy of his appraisal method. He used “comparable land sales”, many of which were distant in time and location from the partition and the property involved. This is particularly significant because property north of the subject property becomes more valuable as it approaches commuting range of Shreveport. Furthermore, sales six to eight months subsequent to the partition were affected by the entry of Dow Chemical Company into the local area. While Mrs. Stuckey’s expert tried to correct for these factors, the very fact that he had to correct makes his valuations inherently more speculative.
As we noted, the trial judge rejected the wife’s demands because of failure to discharge her burden of proof. We find no manifest error in this conclusion. Consequently, we affirm the trial court judgment, with the costs of appeal assessed to appellant.