LABORDE, Judge.
Plaintiff, Vernon Leon Rayner, brought suit against Janice R. Butler seeking to set aside or modify the community property agreement they had entered into as a settlement of the former community of ac-quets and gains existing between them. Subsequent to the suit, Ms. Janice R. Butler filed a rule to disburse the proceeds derived from the sale of the former matrimonial domicile. Over Mr. Rayner’s opposition, the trial court disbursed the funds in accordance with the community property agreement. Mr. Rayner asserts that the trial court erred in refusing to admit evidence to prove the intent of the parties beyond the terms of the written agreement. We detect no reversible error and, accordingly, affirm.
The parties entered into a community property settlement agreement on February 12, 1982. The only asset in dispute on this appeal is the former matrimonial domicile located in Dry Prong, Louisiana. The agreement quite clearly and unambiguously transfers full ownership of the Dry Prong property to Ms. Butler. The agreement further provides that upon the sale of the property, the net proceeds are to be divided equally between the parties with Mr. Rayner giving Ms. Butler a 25% credit for the mortgage payments and insurance payments. Further, the agreement provides that major repairs to the property are to be paid for by the parties equally, and minor repairs are to be paid by Ms. Butler alone. The trial court disbursed the funds according to the formula set forth in the agreement.
Appellant asserts that the trial judge improperly refused to admit evidence of the parties’ intent regarding the community property settlement.
The community property settlement agreement clearly indicated the property included within the partition. Its provisions are clear and unambiguous.[1] The agreement is in authentic form, having been executed before a notary public and two witnesses in conformity with La.C.C. art. 2234.[2] Therefore, under La.C.C. art. 2236,[3] the document is full proof of the agreement between the contracting parties. The agreement is clear and unambiguous as to the property included; since there have been no allegations that the contract was a forgery, the trial court was free from error in barring the parol evidence to show the intent of the parties. La.C.C. art. *967 2276;[4] Brooking v. Brooking, 407 So.2d 1342 (La.App. 3d Cir.1981); Steadman v. Steadman, 423 So.2d 710 (La.App. 3d Cir. 1982), writ denied, 429 So.2d 158 (La.1983).
Finding no merit to appellant’s assignment of error, we affirm at appellant’s costs.
AFFIRMED.

.Appellant contends that the reference to a mortgage over the property granted to Mr. Ray-ner makes the agreement ambiguous. We disagree. Evidence to prove that such a mortgage exists was proffered and has been reviewed. A conventional mortgage can only be contracted by authentic act or by act under private signature. No proof can be admitted of a verbal mortgage. La.C.C. art. 3305. No written mortgage was proffered. Therefore, even if the trial court had admitted the evidence offered, no mortgage could have been proved, and the disbursement by the trial court would stand. The same analysis applies to appellant’s contention that the property was sold. All sales of immovable property shall be made by authentic act or under private signature. La.C.C. art. 2440.

. For the subject matter of former La.C.C. art. 2234, see La.C.C. art. 1833.

. For the subject matter of former La.C.C. art. 2236, see La.C.C. art. 1835.

. For the subject matter of former La.C.C. art. 2276, see La.C.C. art. 1848.