486 So.2d 1060 (1986)
Robert Earl COWLING, Plaintiff-Appellant,
v.
Linda Christine Litton COWLING, Defendant-Appellee.
No. 17643-CA.
Court of Appeal of Louisiana, Second Circuit.
April 2, 1986.
Joseph D. Toups, Jr., Mansfield, for plaintiff-appellant.
O. Bernard Boddie, Bossier City, for defendant-appellee.
Before HALL, SEXTON and LINDSAY, JJ.
LINDSAY, Judge.
Linda Litton Cowling filed suit in the trial court to rescind on grounds of lesion an agreement with Robert Cowling to partition community property. Mr. Cowling died prior to trial and his daughter, Cecilia Cowling Hesser, as executrix of his estate, was substituted as a party to this action. The trial court found the agreement to be lesionary and amended the partition. The Estate of Robert Cowling appealed the trial court judgment, claiming Linda Cowling failed to show lesion by clear and convincing evidence. We amend and affirm the trial court judgment.

FACTS
The parties were married in 1966. No children were born of the marriage but Robert Cowling had three children from a former union. On May 14, 1979, Robert Cowling filed a petition for separation *1061 claiming abandonment by Linda Cowling in February, 1979.
On June 7, 1979 a judgment of separation was entered dissolving the community and declaring each party to be owner of an undivided one-half interest in and to the former community.
On July 22, 1979 the parties entered into a community property settlement. Under the terms of the settlement, Robert Cowling conveyed to Linda Cowling his interest in a 1977 Oldsmobile, various pieces of furniture and personal belongings, a checking account at First National Bank of Mansfield in her name, and her credit union account at Western Electric. He also gave her $2,900 cash.
Linda Cowling conveyed to Robert Cowling her interest in property on Toledo Bend Lake in Sabine Parish, a mobile home located on the property and its contents, numerous household items and personal belongings, a car, a truck, a motorcycle and trailer, a boat with motor and trailer, and her interest in three bank accounts in Robert Cowling's name. No values were assigned to the items disposed of in the agreement.
On October 20, 1980, Linda Cowling filed a petition to set aside the community property settlement agreement claiming the agreement was lesionary, that certain items of community property were not included in the agreement, and that she was coerced into signing the agreement. She also claimed $20,000 of community funds was used to improve the matrimonial domicile which was Robert Cowling's separate property.
Trial was held on January 8, 1985. The trial court found that Linda Cowling was not coerced into signing the community property settlement agreement, but did find that the agreement was lesionary. The trial court considered answers to interrogatories which were filed by both parties and admitted into evidence. There was also testimony presented by both sides to establish the value of the items in the community. This included expert testimony by a real estate appraiser as to the value of the Toledo Bend property and the mobile home located upon it. Based upon this evidence, the trial court, in its written reasons for judgment, determined which items claimed by the parties were part of the community and assigned values to each item. The trial court found the value of the community was $35,970.66 and that Linda Cowling received only $5,240 in the settlement. Based upon the court's valuation of the community, it found the partition agreement was lesionary, amended the partition and awarded Linda Cowling a money judgment in the amount of $12,745.33, plus costs, and an expert witness fee in the amount of $200.

ASSIGNMENTS OF ERROR
The Estate of Robert Earl Cowling appealed the trial court judgment arguing that Linda Cowling failed to prove lesion by "strong and convincing evidence," that the trial court erred in substituting its values for movable property of the community, and that the trial court erred in accepting the value of immovable property offered by an expert witness without allowing for depreciation. Linda Cowling did not appeal.
LSA-C.C. Art. 1860[1] provides the following definition:
Lesion is the injury suffered by one who does not receive a full equivalent for what he gives in a commutative contract. The remedy given for this injury, is founded on its being the effect of implied error or imposition; for, in every commutative contract, equivalents are supposed to be given and received.
LSA-C.C. Art. 1861 provides:
The law, however, will not release a person of full age, and who is under no incapacity, against the effect of his voluntary contracts, on account of such implied *1062 error or imposition, except in the two following cases:
1. In partition where there is a difference in the value of the portions to more than the amount of one-fourth to the prejudice of one or [of] the parties;....
These code articles have been applied to partitions of community property. In Beatty v. Vining, 147 So.2d 37 (La. App.2d Cir.1962) this court stated that the burden is on the party claiming lesion to prove the value of the property in the state it existed at the time of the contract. The party claiming lesion must establish it by clear and convincing proof, and speculative values will not be considered in determining whether or not lesion exists. Madden v. Madden, 56 So.2d 760 (La.App.2d Cir. 1952); Stuckey v. Stuckey, 475 So.2d 84 (La.App.2d Cir.1985); Whittington v. Whittington, 229 So.2d 193 (La.App.2d Cir. 1969), writ denied 255 La.477, 231 So.2d 394 (1970); Ozane v. Ozane, 392 So.2d 774 (La.App.3d Cir.1980).
The burden of proving a claim by clear and convincing evidence is carried when a contention is shown to be highly probable. This higher burden of proof is distinguishable from the usual burden of proof in civil cases of establishing a claim by a preponderance of the evidence. McCormick on Evidence (2d Ed.1972) § 340(b).
The proper way to determine lesion beyond one-fourth is to first determine the property's true value and then calculate whether a party received three-fourths of his share. Bedwell v. Bedwell, 399 So.2d 685 (La.App. 1st Cir.1981); Steadman v. Steadman, 423 So.2d 710 (La.App.3d Cir. 1982), writ denied 429 So.2d 158 (La.1983); Gordon v. Gordon, 424 So.2d 1042 (La. App. 1st Cir.1982), writ denied 430 So.2d 77 (La.1983). Therefore, Linda Cowling was required to prove by clear and convincing evidence the total value of the community and that she received less than three-quarters of her one-half share of the community.
In this case both parties answered interrogatories, assigning values to items comprising the community. At trial, additional evidence was adduced to establish values. The main item in the community was the immovable property and mobile home in Sabine Parish on Toledo Bend Lake. An expert in real estate appraisal testified on behalf of Linda Cowling to establish the value of this property which he appraised at $12,500. The witness was extensively questioned as to how he arrived at his appraisal of the property. He testified the appraisal was made by an examination of conveyance records to determine sale prices of comparable parcels of land in the area in 1979 when these parties were judicially separated. The Estate of Robert Cowling claims this appraisal should not be considered because it failed to take into account depreciation of the mobile home. The witness' testimony indicated he considered the condition of this particular mobile home, that it was not new when these parties obtained it, and he allowed for depreciation for the time it was on the property. We find that the appraised value was sufficiently established at trial and was not based on mere speculation.
As to the household goods, personal belongings, firearms, and vehicles, in some instances only one party assigned a value to the items and the trial court accepted that value. In other instances when the parties disagreed as to the value of an item, the trial court took into account the evidence before it and assigned a value to the item. The value of items comprising the community is a factual determination made by the trial court and is not to be overturned on appeal absent a showing that the trial court was clearly wrong. Canter v. Koehring, 283 So.2d 716 (La. 1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
We find that the trial court was correct in the valuations assigned to the various items in the community and we accept those values. However, after a review of the record, we note several errors made by the trial court in calculating the total value *1063 of this community and the portions received by each party.
The trial court failed to include a Delray Camper which Linda Cowling received in the community property settlement which had a value of $2,000. The trial court also omitted from its calculations the sum of $2,900 cash Linda Cowling received under the terms of the settlement. As to debts owed by the community, the evidence shows that only $440.39 was owed on a color television set that Robert Cowling received in the property agreement instead of $550.39 as stated by the trial court.
Based upon the valuations made by the trial court and noting errors in calculation apparent from the record we amend the amount awarded Linda Cowling by the trial court. We find the gross value of the community to be $46,271.41. There were community debts in the amount of $8,240.39. Therefore, the net value of the community to be divided between the parties was $38,031.02. Linda Cowling received $15,780.36 in community property and assumed $7,800 in debts.
In effect, she only received community property having a net value of $7,980.36, when her one-half of the community actually had a net value of $19,015.51. Therefore, the amount she received in the community property settlement is clearly lesionary.
In final settlement of this community, Linda Cowling is entitled to a money judgment representing the difference in the value of the property she received and the amount she was entitled to receive. That sum is $11,035.15. The trial court also properly ordered the Estate of Robert Cowling to pay costs and a $200 expert witness fee.
Under the particular facts of this case, and after having determined that the partition agreement was lesionary, the awarding of a money judgment is entirely correct.
Previously, when a partition was rescinded for lesion, the trial court could proceed under LSA-C.C. Art. 1877 through 1880; these provisions would allow the Estate of Robert Cowling either to return property to Linda Cowling or pay the value of the property. However, these code articles are procedural rather than substantive and were repealed effective January 1, 1985 in conjunction with the revisions to the Civil Code dealing with obligations. These procedural articles were not revised or reenacted. Therefore, at the time of the trial and when the trial court was called upon to decide this case the procedural remedies formerly governing rescinded partitions were no longer available.
The only procedural guidance now available is LSA-R.S. 9:2801 dealing with judicial partitions of community property.[2] Considering this provision, the trial court was entirely correct in valuing the community and awarding Linda Cowling a monetary judgment. LSA-R.S. 9:2801 is to be used to settle claims between spouses arising from the matrimonial regime. This statute allows the trial court to value the assets, determine the liabilities and adjudicate the claims of the parties. The court then divides the community assets and liabilities so that each spouse receives property of an equal net value. In this case the movable property was acquired prior to 1979. This movable property may no longer be in existence, may have been transferred to a third party, or may now have a greatly decreased value. As to these items of movable property, the trial court had no choice but to award a money judgment in order to equalize the distribution of assets.
As to the immovable property which forms the largest part of the former community, the allocation to one party as occurred here results in an inequitable distribution. In such a case the statute allows the court to order the payment of an equalizing sum of money.
For the above stated reasons, we affirm the trial court judgment ordering the Estate *1064 of Robert Cowling to pay to Linda Cowling a sum of money to equalize the division of their community property. We amend the judgment of the trial court to correct the calculation errors made by the trial court and recast the judgment as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Linda Christine Litton Cowling and against the Estate of Robert Earl Cowling represented herein by Cecilia Cowling Hesser, testamentary executrix, amending the community property settlement of July 2, 1979, and awarding to said Linda Christine Litton Cowling the additional sum of $11,035.15, together with legal interest from October 22, 1980, date of judicial demand, until paid, and all costs of these proceedings.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the expert witness fees of John R. Walker, be, and same is hereby fixed at $200.00, and cast as costs.
The judgment of the trial court is amended and, as amended, is affirmed, at the cost of appellant.
AMENDED AND AFFIRMED.
NOTES
[1] The facts and pleadings in this case occurred before January 1, 1985, the effective date of the revision to LSA-C.C. Arts. 1756-2291. Therefore, the substantive code articles in effect before the revision are the applicable law.
[2] This procedural statute, enacted in 1982 has retroactive effect. Simon v. Simon, 421 So.2d 931 (La.App. 4th Cir.1982); Hall v. Hall, 460 So.2d 1053 (La.App.2d Cir.1984).