LABORDE, Judge.
This is a suit to rescind a voluntary community property agreement on the grounds of lesion brought by the plaintiff, Martha Lynn Jones Liprie, against the defendant, Samuel Francis Liprie. Plaintiff appeals from a judgment dismissing her demands at her costs. We find no error in the trial court’s decision. We affirm.
FACTS
The parties to this lawsuit were legally separated on August 8, 1986. Three days later, on August 11, 1986, the parties entered into a community property settlement. Under the terms of the settlement, Martha Lynn Jones Liprie conveyed to her husband all of her right, title and interest to and in the following property:
1) A 1983 Mitsubishi Starion automobile.
2) The corporate entity, RADS S.L., Inc.
3) A VCR, a washer and dryer, an antique hutch, a dining table and chairs, one-half (V2) of the china, one-half (½)' of the flatware, his jewelry, a dishwasher and an abdominal machine.
4) All remaining cash and annuities.
Samuel Frances Liprie conveyed to his wife all of his right, title and interest to and in the following property:
1) A 1984 Nissan Sentra.
2) $7,500.00 in cash.
3) An antique chest with mirror, one-half (⅝) of the china, one-half (V2) of the flatware, her jewelry.
Additionally, the community property agreement provided that:
1) Martha Lynn Jones Liprie would assume payment of the indebtedness of the Nissan Sentra financed through Educators’ Credit Union, Waco, Texas.
2) That Samuel Francis Liprie would pay his former wife $120.00 a month to be applied to the indebtedness on the Nissan Sentra until it is paid in full.
3) Samuel Francis Liprie would assume payment of the following community debts:
a) Note to Calcasieu Marine National Bank — $25,200.00.
b) Note to American Bank of Commerce —$6,502.07.
c) VISA card — $6,000.00.
The community property settlement also contained other provisions which are not relevant to this lawsuit.
On October 3, 1986, the plaintiff filed a petition to set aside the community property settlement alleging lesion beyond one-fourth, i.e. that she failed to receive three-fourths of the one-half share she was entitled to. Trial on this matter was held on January 4, 5, and 11, 1988. In his written reasons for judgment, the trial judge held that the plaintiff failed to prove that the community property settlement was lesion-ary by clear and convincing evidence. However, the trial judge did not include any specific findings of fact in his reasons for judgment.
The plaintiff raises three specifications of error, two of which go to the sufficiency of the evidence presented by the plaintiff to establish the values of the community property. The third assignment of error concerns the trial judge’s failure to state what he found the assets and liabilities of the community of assets and gains to be on the date the community property settlement was entered into. We will address this last issue first.
FINDINGS OF THE COURT AND REASONS FOR JUDGMENT
The plaintiff contends that the trial judge erred in not stating what he found to be the assets and liabilities of the community. Article 1917 of the Code of Civil Proce *1096 dure sets out the responsibility of the trial court in regard to providing reasons for judgment. LSA-C.C.P. art. 1917 provides:
“In all appealable contested cases, other than those tried by a jury, the court when requested to do so by a party shall give in writing its findings of fact and reasons for judgment, provided the request is made not later than ten days after the signing of the judgment.
In nonjury cases to recover damages for injury, death, or loss, whether or not requested to do so by a party, the court shall make specific findings that shall include those matters to which reference is made in Paragraph C of Article 1812 of this Code. These findings need not include reasons for judgment.”
We note that as this is not an action to recover damages for injury, death or loss, the second paragraph of the statute is not applicable. Furthermore, it is not incumbent on this court to determine the sufficiency of the trial judge’s reasons for judgment, as there was no timely request for findings of fact and reasons for judgment entered by the plaintiff. Bosley v. Hebert, 385 So.2d 430 (La.App. 1st Cir.1980).
LESION
By way of her other two specifications of error, the plaintiff contends that the trial judge erred in not accepting valid competent evidence on the value of the community property, including the community owned corporation, RADS S.L., Inc. In other words, the plaintiff would have this court overturn the trial judge’s finding that the plaintiff failed to prove by clear and convincing evidence that the community property settlement is lesionary.
The substantive provisions governing lesion in community property settlements are found in Civil Code articles 1965, 1397 and 1398. Those articles provide:
“Art. 1965. A contract may be annulled on grounds of lesion only in those cases provided by lav/.
Art. 1397. Partitions made, even with persons of full age, may be rescinded, like other covenants, for radical vices, such as violence, fraud or error.
Art. 1398. They may even be rescinded, on account of lesion; and, as equality is the basis of partitions, it suffices to cause the recission, that such lesion be of more than one-fourth part of the true value of the property.”
The Second Circuit in King v. King, 493 So.2d 679 (La.App. 2d Cir.), writ denied, 497 So.2d 316 (La.1986) set out the appropriate standard for lesion beyond one-fourth in voluntary community property settlement agreements. Judge Jones observed that:
“The law recognizes a voluntary community property settlement agreement may be set aside for lesion beyond one-fourth. The party claiming this remedy has the burden of proving, by clear and convincing evidence, the fair market value of the property in the state it existed at the time of the contract and speculative values will not be considered. The proper method of establishing lesion beyond one-fourth is two-fold: (1) First, the community property’s true value (net value) must be ascertained; (2) Second, it must then be determined from the property acquired whether a party received value less than ¾ of ⅝ share of the property partition’s true value.” (Citations and footnotes omitted)
Id. at 681. See also Cowling v. Cowling, 486 So.2d 1060 (La.App. 2d Cir.1986); Steadman v. Steadman, 423 So.2d 710 (La.App. 3d Cir.1982), writ denied, 429 So.2d 158 (La.1983). The burden of proving a claim by clear and convincing evidence is carried when a contention is shown to be highly probable. Cowling, supra.
In order to prevail in a suit for lesion, a plaintiff must first prove the net value of the community by clear and convincing evidence. To establish the value of the community in this case, the plaintiff chiefly relies on a list of community and separate property which the defendant had drafted in connection with either the settlement proceedings or this suit for lesion. The list assigns values to certain items of community property and separate property. The plaintiff entered the list into evidence, without objection from the defendant, and *1097 questioned the defendant extensively regarding its contents. The defendant was never tendered or accepted as an expert in the valuation of these items of property.
After a careful review of the evidence, we find that the plaintiff has failed to prove the value of the community by clear and convincing evidence. The defendant-composed list, on which the plaintiff relies so heavily, is an inadequate source for or means of valuing the movable property in the community in several respects. The first and most crucial respect is that the list values the movables at the time of their purchase, and not at the time the settlement was entered into. The defendant testified to this fact at trial:
“A. ... Some of these values is what we paid for it. I think everything here is about what we paid for these items.
Q. So, this — what you put down was what it cost you new, the best you recall?
A. I think so, the best I can recall.
Q. I guess it goes for without saying, you probably couldn’t sell it for what you paid for it?
A. I don’t know. I doubt it. Maybe some things you could, but I doubt it. Like jewelry, she could probably get more than what I paid for it.”
It is well-established by the jurisprudence that the property must be valued as of the time of partition, and not as of the time of purchase. Ozane v. Ozane, 392 So.2d 774 (La.App. 3d Cir.1980); Beatty v. Vining, 147 So.2d 37 (La.App. 2d Cir.1962). Since there is no other evidence which would establish the value of the property at the time of partition, we determine that the plaintiff has failed to prove the true value of the community.
The list is also an inadequate source from which to determine the value of the community because it fails to account for several assets which would have been part of the community. For example, both the defendant’s list and the community property settlement refer to the flatware and china as community property; however, this property is never assigned any value. Additionally, the defendant testified at trial that there was a savings account during the existence of the community at SCH Federal Credit Union5 although he did not know the balance of this account as of the time of partition. No other evidence was presented to account for this balance.
For these reasons, we find that the trial court did not err in its determination that the plaintiff failed to prove by clear and convincing evidence that the community property settlement was lesionary. The decision of the trial court is affirmed. Costs are assessed to the plaintiff.
AFFIRMED.