11 EDWIN A. LOMBARD, Judge.
This is an appeal of a judgment from the office of workers’ compensation. The workers’ compensation court granted plaintiff/appellant’s request for physical therapy, but denied the request for mileage reimbursement and for attorney fees in connection with the mileage reimburse *986 ment. Appellant sets forth two assignments of error on this appeal. First, that the workers’ compensation judge erred by failing to grant appellant’s request for mileage reimbursement in accordance with a stipulation made in open court by the parties; and second, that the workers’ compensation judge erred by failing to award attorney’s fees in connection with the mileage reimbursement.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

Frederick Johnson (appellant) was injured on July 19, 1993, while employed by Tate & Lyle North American Sugars, Inc. (appellee). Appellant received workers’ compensation payments and medical benefits, and these two issues are not in dispute. On April 18, 2001, appellant requested additional physical therapy and reimbursement of accrued mileage expenses for travel in connection with his medical services. Appellee did not authorize appellant’s requests, and suit was | «filed. Appellant also sought attorney fees and penalties in connection with the denial of physical therapy and mileage reimbursement.
The case proceeded to trial on May 9, 2002. On the record, counsel for the parties discussed a stipulation on the issue of mileage reimbursement, and agreed that the amount of $10,194.15 was due appellant. The case then proceeded on the issue of whether appellant was entitled to physical therapy, attorney’s fees and penalties. Appellant’s testimony was taken and medical records and mileage itemiza-tions were introduced as exhibits. No testimony or evidence was taken regarding the attorney’s fees in connection with the denial of physical therapy or mileage reimbursement. The matter was taken under advisement, and judgment was rendered on June 26, 2002.
The workers’ compensation court granted appellant’s request for physical therapy, denied appellant’s request for mileage reimbursement and denied appellant’s request for attorney’s fees and penalties in connection with the mileage claim. Reasons for judgment were not provided. Appellant’s motion for new trial was denied on July 9, 2002.

ARGUMENT

Appellant argues that the judgment, on the issue of mileage reimbursement, was contrary to the stipulation entered into between the parties. Specifically, appellant submits that the record is clear that the parties stipulated that appellant was due $10,914.15 for mileage reimbursement. As further evidence of the stipulation, appellant directs the court’s attention to appellee’s post-trial brief. Appellant contends that appellee’s post-trial brief acknowledges the stipulation when it states, “All of the issues in dispute were resolved before trial, or at trial by stipulation, except for the issue of physical therapy.”
| «Appellant asserts that the judgment denying appellant’s mileage request was in error given the stipulation that was read into the record. Appellant cites Francois v. Alexander, 99-1760 (La.App. 3 Cir. 4/5/00), 771 So.2d 656, for the position that the law gives effect to oral stipulations made in open court and entered into the record. Appellant also assigns as error the workers’ compensation judge’s failure to award attorney’s fees that were incurred by appellant in pursuing the mileage reimbursement claim.
Appellee argues, in opposition to this appeal, that there was no stipulation on mileage reimbursement. Appellee submits that there was confusion surrounding the discussion on the mileage reimbursement, and that a stipulation was never perfected. Appellee further relies on the transcript to show that there were several off-the-rec *987 ord discussions between counsel and the judge about the stipulation, and that the judge would have been aware that a stipulation was never reached. It is therefore argued that the judge ruled on the mileage reimbursement claim after weighing all of the evidence presented.
As to the denial of attorney’s fees, appel-lee submits that the workers’ compensation judge has great discretion in this area, and that such discretion will not be disturbed on appeal unless clearly wrong. Rareshide v. Mobile Oil Corp., 97-1376 (La.App. 4 Cir. 4/22/98), 719 So.2d 494, 506. Appellee further argues that the denial of the mileage request is conclusive as to the request for attorney fees due in connection with the request for mileage reimbursement.
It is further asserted by appellee that appellant had an opportunity to request written reasons for judgment but failed to do so. Accordingly, appellee argues that it is improper for this court to determine the sufficiency of the lower court’s reasons for judgment. Liprie v. Liprie, 553 So.2d 1094, 1096 (La.App. 3 Cir.1989).4 Appellee also cites Bosley v. Hebert, 385 So.2d 430 (La.App. 1 Cir.1980), for the position that appellant failed to take advantage of the opportunity afforded by La. C.C.P. art. 1917 to request written reasons, and should not now be allowed to complain.

STANDARD OF REVIEW

Factual findings in workers’ compensation cases are subject to the manifest error or clearly-wrong standard of appellate review. Seal v. Gaylord Container Corp., 97-0688 (La.12/02/97), 704 So.2d 1161; Banks v. Industrial Roofing & Sheet Metal Works, 96-2840 (La.7/1/97), 696 So.2d 551, 556. A court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong.” Sto-bart v. State, 617 So.2d 880, 882 (La.1993). Rosell v. ESCO, 549 So.2d 840 (La.1989).
Our supreme court, in Stobart, reiterated its two-part test for the reversal of a factfinder’s determinations:
1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and
2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).
Stobart, 617 So.2d at 882 (citing Mart v. Hill, 505 So.2d 1120, 1127 (La.1987)).
This two-pronged test dictates that a reviewing court must do more than simply review the record for some evidence, which supports or controverts the trial court’s finding. The reviewing court must review the record in its entirety to determine whether the trial court’s finding was clearly wrong or manifestly erroneous. Id.

\ .DISCUSSION

Our review of the record indicates that the workers’ compensation judge was clearly wrong in denying appellant’s mileage reimbursement claim as stipulated to between the parties.
A stipulation has the effect of binding all the parties and the court. Dolsen v. City of New Orleans, 559 So.2d 50 (La.App. 4th Cir.1990) (citing, R.J. D’Hemecourt Petroleum v. McNamara, 444 So.2d 600, 601 (La.1983)). A trial court is bound to render judgment in accordance with the stipulations of the parties where the stipulations were not in derogation of the law. General Investment, Inc. v. Thomas, 400 So.2d 1081 (La.App. 4th Cir. 1981). In Wickliffe v. Cooper & Sperrier, 161 La. 417, 108 So. 791 (1926), our supreme court determined that stipulations *988 between the parties in a specific case were binding upon the trial court in the disposition of that case, where the stipulations were not in derogation of the law.
The record in this case clearly reveals that a stipulation was entered into between the parties on the issue of appellant’s claim for mileage reimbursement. The stipulation is evident from an excerpt from the transcript, which reads:
THE COURT:
All right. For the record, what are the issues for today?
MR. VINCENT: (Counsel for appellant)
Your Honor, we have a stipulation with respect to the first issue.
THE COURT:
We’ll come back to that then. What are the issues remaining?
MR. VINCENT:
The issue remaining today is whether or not Mr. Frederick Johnson is entitled to physical therapy treatments as prescribed by his two treating physicians; and, in addition to that, whether or not the employer irresponsible for penalties for failing to approve the physical therapy treatments; and whether or not the employer is responsible for attorney’s fees for not paying the mileage statements that have been submitted to it previously and through today; and for not authorizing any physical therapy treatments as recommended by the treating physicians.
THE COURT:
All right. Do you have some stipulations? What are they?
MR. VINCENT:
Your Honor, I think we have a stipulation. The employer has agreed to pay the mileage statements of the claimant, which total 10,000—
MR. BABST (Counsel for appellee)
I believe — 194.15, Your Honor.
MR. VINCENT:
Right. $10,194.15.
MR. BABST:
Your Honor, in connection with that, I would just like to point out that the mileage had been submitted to the employer.
THE COURT:
Is this a stipulation?
[several off the record discussions] THE COURT:
All right. Back on the record.
MR. VINCENT:
Okay. Your Honor, we will stipulate that the mileage information that has been previously submitted to the employer was for a period, I think, through August of 2000; and was for an amount somewhere between $5,000 and the $10,194.15 figure that we have today. The figure — the $10,194.15 figure represents all the mileage claimed by the claimant from the date of his accident through March 1st, 2002.
THE COURT:
All right. And you are agreeable, Mr. Babst?
MR. BABST:
Yes ma'am. The total sum is due.
Additionally, we find that the stipulation is also evidenced by appellee’s post-trial brief. In that brief, counsel for appellee acknowledged that all issues had 17been resolved either before trial or by stipulation, except for the issues of physical therapy and attorney’s fees recoverable on the mileage reimbursement claim.
It is further obvious from the trial transcript that the mileage issue was not contested. Appellant was questioned on exhibit number 6, the mileage record, but only as to who prepared the document and how it was prepared. Appellant’s calcula *989 tions and individual mileage entries were not questioned, nor was appellant questioned by his attorney on the issue.
Appellee refers to confusion surrounding the stipulation. The only confusion noted by this court that is evident from the transcript concerned the introduction of the updated mileage record, and specifically, what period of time it represented in comparison to the records previously submitted.

CONCLUSION

After a thorough review of the record, we find that there was definitely a stipulation entered into between the parties whereby appellant was due $10,194.15 in reimbursement for mileage expenses. We further find that the workers’ compensation court’s failure to recognize the stipulation was manifest error. Accordingly, that portion of the judgment, denying appellant mileage reimbursement, is reversed; and the case is remanded to determine whether attorney fees, in connection with the mileage request, should be awarded, since there was no evidence presented at trial on the amount of attorney’s fees sought by appellant.

REVERSED AND REMANDED.