255 So.2d 240 (1971)
Margaret Lorrie Matthews TROXLER, Plaintiff-Appellant,
v.
Lucien Joseph TROXLER, Defendant-Appellee.
No. 8561.
Court of Appeal of Louisiana, First Circuit.
November 10, 1971.
Michel A. Maroun, and Isaac Abramson, Shreveport, for plaintiff-appellant.
Ralph E. Orpys, and Albert B. Koorie, New Orleans, for defendant-appellee.
Before LOTTINGER, SARTAIN and ELLIS, JJ.
SARTAIN, Judge.
Mrs. Margaret Lorrie Matthews Troxler and Lucien Joseph Troxler were judicially separated from bed and board on September 19, 1960, and on the same day they executed a community property settlement before a notary and witnesses. In the *241 present suit, Mrs. Troxler seeks to have the settlement agreement annulled and set aside for fraudulent concealment by Mr. Troxler of substantial assets which allegedly belonged to the community of acquets and gains between them.
The trial judge rejected plaintiff's demands, finding that she was sufficiently familiar with the financial status of the community, because she had worked for years in the defendant's business, and that she had otherwise failed to prove fraud, misrepresentation or error which prejudiced her rights prior to or at the time of the settlement. The judge further found that she did not prove an actual loss as a result of the settlement, inasmuch as Mr. Troxler introduced evidence of substantial funds belonging to his separate estate prior to the marriage, and there later appeared a large tax obligation arising out of some of the years of the marriage. The judge felt that any assets which may not have been considered in the settlement negotiations were either Mr. Troxler's separate property or, even if community property, were subject to the tax indebtedness of the community to the U.S. Government.
We find that the trial judge erred in his interpretation of the burden of proof required of the wife and in failing to consider the strict fiduciary duty imposed on the husband to make a full disclosure of assets. For reasons hereinafter stated, we reverse the judgment of the trial court and remand this cause for purposes of an accounting and a determination of the value of the community as of the date of its dissolution.
The evidence reveals that Mr. Troxler was the owner of a bar and lounge in Houma. Plaintiff worked for him as a mixologist for about two years prior to their marriage on November 15, 1953, and continued to work in the business until their judicial separation. Mr. Troxler had a habit of transacting his banking business in several institutions both in Houma and in Metairie and used dozens of fictitious names for his accounts. Mrs. Troxler was aware of these practices because she accompanied him to Metairie on banking trips. Moreover, she alleged in her petition for separation that he had large sums of cash in various accounts under various fictitious names, although she was unable to describe them more particularly as to locations and amounts. On August 23, 1960, the day plaintiff left her husband and filed her petition for separation, he went to the several institutions and withdrew all of the funds on deposit. Plaintiff's attorney, a day late, obtained an order to search certain bank boxes of which she had particular knowledge but found nothing.
It appears that plaintiff had previously overheard a conversation between her husband and another in which she said he stated that he had $129,000.00 and was thinking about retiring. She also overheard him on another occasion discussing certain stock in which he owned an interest of $40,000.00. He did own that much stock, purchased during the marriage, but only $10,000.00 of the stock was in his own name and the rest was in fictitious names.
The negotiations for the settlement agreement were entered into in the light of this background. The agreement recites that Mrs. Troxler sold her interest in the community assets to Mr. Troxler for $15,000.00, including $12,500.00 in cash and a promissory note for $2,500.00. However, it was stipulated at trial that she had actually received $27,500.00, including another $10,000.00 in cash from him and about $2,500.00 which she had taken from the office safe on the day she left him.
Mrs. Troxler's attorney advised her during these negotiations and signed the settlement agreement as a witness. They both testified that Mr. Troxler denied having cash amounting to $129,000.00 and admitted having only $16,000.00. He further admitted having only $10,000.00 of the stock mentioned above. Mrs. Troxler argues that those amounts, together with about $28,000.00 worth of personal acquisitions during the marriage and some other *242 securities, formed the monetary basis for the settlement executed on September 19, 1960.
About one month later, it was discovered that Mr. Troxler had an account in the Bank of Terrebonne and Trust Co. in Houma under a fictitious name in the amount of approximately $103,000.00. Upon this discovery, Mrs. Troxler instituted the present action to annul and set aside the previous settlement and to obtain an accounting. The petition was later amended to add the further allegation that Mr. Troxler had also concealed the $30,000.00 in the previously mentioned stock which he held in fictitious names. The testimony is in hopeless conflict as to the discussions that took place during the previous settlement negotiations, but Mr. Troxler admitted that he probably had the $103,000.00 in checks, representing the withdrawals of August 23, 1960, in his pocket at the time and did not disclose that fact. His explanation for his silence was that his wife knew he had that much money but needed it for the payment of debts and particularly for settling their income tax indebtedness. He also stated that the funds were his separate property of which his wife also had knowledge. The record, however, does not disclose that a large tax indebtedness was ever discussed by Mr. and Mrs. Troxlerin fact, the government's claim was not finally compromised with Mr. Troxler at about $112,000.00 until some years laterand there was no recitation in the settlement agreement relative to community debts. Nor is there any evidence that they ever discussed the extent of his separate property.
We are convinced that Mr. Troxler either denied having these additional assets when asked or at least concealed them by his silence during the settlement negotiations. The agreement recited that a full disclosure had been made, when in fact, that was not the case. Even if it is conceded that Mr. Troxler may have had some separate property in cash, the purchase of the $40,000.00 in stock occurred during the marriage and that property is presumed to have fallen into the community. La.C.C. Art. 2402.
We base our decision to annul and set aside the community property settlement on the rules enunciated in Pitre v. Pitre, 247 La. 594, 172 So.2d 693 (1965). In that case, the court held that the husband stands in a fiduciary relationship to his wife and is bound to disclose all of the community property and its value and is also bound not to conceal or misrepresent any material fact upon which the wife has a right to rely and upon which she might rely. The basic reason for this duty is rooted in the husband's superior position with respect to the management and disposition of community assets during the marriage, as provided by La.C.C. 2404. The Pitre case involved a rather flagrant violation of the duty to disclose since the wife was of very limited education, relatively inexperienced in business and business matters and was without advice of independent counsel. But the decision was based on the husband's fraudulent conduct. It does not appear that the duty to disclose is abrogated because the wife may be, in a given case, suspicious that her husband is concealing assets, more knowledgeable in business and advised by counsel.
In the instant case, Mrs. Troxler did in fact enter into the contested settlement without being made aware of the full value of community assets, although she suspected that there were other assets and took reasonable steps to discover them. We think that she has proved her entitlement to have the settlement annulled and set aside and to an accounting by Mr. Troxler, within the rules of the Pitre case. After the accounting, the effects which compose the partnership or community of gains are divided into two equal portions between the husband and wife as of the date of the dissolution. La.C.C. 2406.
Mrs. Troxler did receive $27,500.00 under the settlement agreement and she is *243 accountable for that amount. La.C.C. Art. 2409 reads as follows:
"Art. 2409. It is understood that, in the partition of the effects of the partnership or community of gains, both husband and wife are to be equally liable for their share of the debts contracted during the marriage, and not acquitted at the time of its dissolution."
Therefore, Mrs. Troxler's one-half interest in the community assets is burdened with responsibility for one-half of the community debts and if it should be found that her net interest is less than the amount she has received, she is accountable for the balance. See generally 30 La.L.Rev. 603.
For the above and foregoing reasons, the judgment appealed from is reversed, the community property settlement of September 19, 1960, between plaintiff and defendant is annulled and set aside and this cause is remanded for proceedings in accordance with our opinion herein. Defendant-appellee is to pay the costs of this appeal and the assessments of other costs shall be made after a final determination of this cause.
Reversed and remanded.