271 So.2d 689 (1972)
Mrs. Frances Laborde GAY
v.
Octave J. MARTINOLICH.
No. 9087.
Court of Appeal of Louisiana, First Circuit.
December 26, 1972.
*690 Jack Wise, Thibodaux, for appellant.
Herbert O'Neill, Thibodaux, for appellee.
Before LANDRY, TUCKER and PETERS, JJ.
TUCKER, Judge.
Mrs. Frances Laborde Gay instituted suit in August, 1969, against her former husband, Octave J. Martinolich, to recover one-half interest in certain alleged community property, which she claims that her husband concealed from her when the community of acquets and gains formerly existing between them was dissolved by separation of bed and board on June 23, 1964. The trial court rendered judgment in favor of the defendant on the basis that plaintiff was aware of the transfer of the lots in question immediately prior to her suit for separation and that the property settlement agreed to between the parties herein at the time of their judicial separation took into consideration the value of the lots in question.
From this decision in the trial court, the plaintiff has appealed on the following grounds:
1. That the trial court erred in finding that the plaintiff wife was aware of the fraudulent nature of the transfer from her husband to his brother.
2. That the trial court erred in finding that the value of the lots in question was taken into consideration in the community property settlement between the parties herein.
3. That the trial court erred in finding that the value of the assets received by plaintiff wife in the community property settlement far exceeded the value of the property received by her husband.
4. That the trial court erred in permitting the attorneys who had represented the plaintiff wife in the previous separation suit and community property settlement to testify for her husband concerning the community property settlement over the objection of his wife.
The lots, the ownership of which is at issue in this case, are described as follows:
SIX (6) CERTAIN LOTS OF GROUND, situated in the Parish of Terrebonne, Louisiana, southwest of Schriever, on Louisiana Highway No. 20, said lots being designated as Lots 1, 2 & 3 of Add. #1 to Patrick LeBlanc Subdivision and Lots 4, 5 and 6 of Add. #1 to Patrick L. LeBlanc Subdivision, Terrebonne Parish, made by John F. Hoffmann, Civil Engineer, dated October 3, 1957, a copy of which plan of subdivision having been filed in the office of the Clerk of Court, Terrebonne Parish, Louisiana, under Entry No. 170,771.
*691 Although the defendant had previously denied it on several occasions, at the time of the trial in the lower court he and his counsel freely admitted that the purported sale of the "Patrick LeBlanc lots" to his brother three days before plaintiff filed suit for separation was simulated sale. A simulated sale is a complete nullity, and it has no legal effect whatsoever. When the defendant confirmed the evidence presented by plaintiff, admitting that the sale of the lots herein questioned was a simulation, it became clear beyond a doubt that the Patrick LeBlanc lots were an asset of the community formerly existing between the parties to this suit. C.C. Art. 2405. Furthermore a husband stands in a fiduciary relationship to his wife and is bound to disclose to her all of the community property belonging to them and its valuation. Pitre v. Pitre, 247 La. 594, 172 So.2d 693 (1965) and Troxler v. Troxler, 255 So.2d 240 (La.App. 1st cir. 1971).
Defendant has argued that the value of the lots, as well as the amount of a withdrawal, from the parties' joint savings account immediately prior to the suit for separation, which withdrawal is not at issue in this appeal, was taken into consideration at the time of the passage of the act entitled a "Settlement of Community," executed June 23, 1964. The language of this authentic act, passed before a notary and two witnesses indicates that it is intended to be a complete settlement of the community property formerly belonging to the parties. No valuations are listed. It is simply stated that each party transfers his or her one-half interest in and to certain specified items in consideration for the other party's undivided interest in and to certain other listed items of property. No other considerations are specified. There is no allegation of forgery or fraud leveled at this document. This authentic act, therefore, is full proof of the agreement contained in it (C.C. Art. 2236), and this court is powerless to vary its terms by parol evidence elicited from witnesses in the trial court (C.C. Art. 2276).
The Patrick LeBlanc lots were not mentioned in the act of community property settlement executed by the parties herein. Inasmuch as they have now been recognized as assets of the community formerly existing between the parties, we are constrained to adjudicate their ownership. Even if parol evidence were permissible to clarify some ambiguity in the settlement document, here it can not be done because "Every transfer of immovable property must be in writing . . ." (C.C. Art. 2275). Under the authority of C.C. Art. 2406, which states in part, "The effects which compose the partnership or community of gains, are divided into two equal portions between the husband and the wife, or between their heirs, at the dissolution of the marriage . . ." We hold that the six lots described above belong equally to Mrs. Frances Laborde Gay and Mr. Octave Martinolich in undivided ownership.
In the light of the foregoing we do not deem it necessary to treat specifically other allegations of error charged by the appellant.
For the foregoing reasons the judgment of the trial court will be reversed and judgment rendered in favor of the appellant and against the appellee recognizing Mrs. Frances Laborde Gay and Octave Martinolich as coowners in indivision of an undivided one-half interest each in and to the six lots of land, particularly described in this opinion. All costs of court are to be paid by the appellee.
Reversed and rendered.