GEORGE C. CONNOLLY, Jr., Judge pro tem.
Robert J. Calmes and Carolyn Burgau were married in the Parish of St. Bernard, State of Louisiana, on December 8, 1964. The parties were judicially separated by a judgment signed June 19, 1969. Their marriage was dissolved by a judgment of divorce granted August 12, 1970.
Certain parcels of land were acquired during the existence of the community of acquets and gains which formerly existed between the parties. Subsequent to the dissolution of the community of acquets and gains and without the consent or approval of the Plaintiff Carolyn Burgau, certain parcels of land were sold or exchanged by the Defendant Robert J. Calmes.
A dispute has arisen as to whether the immovable property is community or separate property.
A petition for Declaratory Judgment was instituted by Carolyn Burgau, Plaintiff herein, in which she asked that the status of the property, whether separate or community, be judicially determined in order that she might proceed with an orderly partition of the property.
The District Court decreed all four parcels of immovable property to be community property. We affirm that decision.
All four parcels of immovable property were acquired from Frank C. Codifer, individually, or in his capacity as Liquidator, on behalf of and in the name of Jefferson Development Co., Inc., either individually or in indivisión, during the community of acquets and gains formerly existing between Calmes and his wife.
The record discloses that the Defendant lived with Frank C. Codifer, his grand-uncle, from the time he was three (3) months old until he was nineteen (19) years old.
Frank C. Codifer conveyed each parcel of real estate to Robert J. Calmes, Jr., individually or in indivisión with his brother, Frank C. Calmes, either by a Notarial Act of Sale or Act Under Private Signature duly acknowledged. Each Act recited a cash consideration and receipt of which was duly acknowledged.
Defendant argues that no compensation was ever paid by either himself or his brother. He further contends that the conveyances were intended as donations inter vivos by Frank C. Codifer to him and his brother, and, as such, do not fall into the community of acquets and gains.
The general rule regarding the purchase of immovable property by a husband during the existence of the community was recently recited in the case of Poole v. Poole, 270 So.2d 218 (1st La.App. 1972):
“It is well established that a husband purchasing immovable property during the existence of a marriage must make a declaration in the act of conveyance that the property acquired is to be his separate property and the funds used to purchase are his separate funds. In absence of such a declaration the property is presumed to be community property and this presumption is conclusive.” (Emphasis ours).
The record discloses that no such “double declaration” was made in any of the conveyances involved in this action. Therefore, the property transferred by *817 these conveyances is conclusively presumed to be community property.
For purposes of clarity, it should be noted that not all of the conveyances were by authentic Act. This Court was not, therefore, faced with the question as to whether or not it had the power to vary the terms of an authentic Act by parol evidence elicited from witnesses in the trial court. See Civil Code Art. 2276; Gay v. Martinolich, 271 So.2d 689 (La.App. 1st Cir. 1972).
For the foregoing reasons, the judgment of the trial court is affirmed at appellant’s costs.
Affirmed.