490 So.2d 741 (1986)
Colleen LITEL, Individually and on Behalf of Dawn Litel, et al, Plaintiff-Appellant,
v.
Gerald R. LITEL, Defendant-Appellee.
No. 85-487.
Court of Appeal of Louisiana, Third Circuit.
June 25, 1986.
*742 Russell T. Tritico, Lake Charles, for plaintiff-appellant.
Raleigh Newman, Lake Charles, for defendant-appellee.
Before GUIDRY, DOUCET and MANSOUR[*], JJ.
DOUCET, Judge.
This appeal arises from the community property settlement agreements entered by the plaintiff-appellant, Colleen Litel, and the defendant-appellee, Dr. Gerald R. Litel. The parties were divorced on May 30, 1984. A Settlement of Community Property and an Act of Partition of Real Property, later amended, were executed by the parties.
The judgment of divorce made provisions for payments of alimony and child support by Dr. Litel to Mrs. Litel. However, none of the documents provided for payment of the educational expenses of the major children, or any automobile expenses for them. In a letter dated May 30, 1984 from Dr. Litel to Trey, the major child, and to Mrs. Litel on behalf of the minor children, Dawn and Timmy, Dr. Litel states his intention to provide for the college education of the children.
Upon request, Dr. Litel refused to pay for the educational expenses of Trey, and to fully pay for Dawn's expenses as outlined in the letter. On September 10, 1984, suit for declaratory judgment was filed, asking that the above described letter be declared a legally binding and enforceable contract. After a trial on the merits, the court found that Dr. Litel was under a moral, rather than a natural, duty to furnish educational support to major children. The court further concluded that the promise to provide support was not supported by consideration and was therefore unenforceable. The plaintiff appeals.
The issues before us are: 1) whether the letters from Dr. Litel are legally enforceable obligations; and 2) whether the trial judge properly excluded parole evidence regarding the terms of the community property settlement agreements.
It is not disputed that parents have no legal obligation to provide their major children with a college education. The question here is whether Dr. Litel entered into a valid contract with his children to provide for their college education.
Every obligation must have a lawful cause. La.C.C. 1893. Cause is defined by La.C.C. art. 1896 to mean the consideration or motive for making it. The trial judge found no consideration existed to support Dr. Litel's agreement to pay for his major children's college expenses. The appellants argue that Dr. Litel's obligation to send his children to college is sufficient consideration to support a contract. Our interpretation of the applicable statutes does not support that conclusion.
La.C.C. art. 1757[1] provides for three kinds of obligations; imperfect, natural and civil. A natural obligation is one which cannot be enforced by action, but which is binding on the party who makes it, in conscience and according to natural justice. La.C.C. 1758[2] describes the four types of natural obligations:
"1. Such obligations as the law has rendered invalid for the want of certain *743 forms or for some reason of general policy, but which are not in themselves immoral or unjust.
2. Such as are made by persons having the discretion necessary to enable them to contract, but who are yet rendered incapable of doing so by some provision of law.
3. When the action is barred by prescription, a natural obligation still subsists, although the civil obligation is extinguished.
4. There is also a natural obligation on those who inherit an estate, either under a will or by legal inheritance, to execute the donations or other dispositions which the former owner had made, but which are defective for want of form only."
The duty, if any, of a parent to provide a college education to his major child, does not fit into any of the categories of natural obligations defined by article 1758. That duty operates at most on the moral sense. If the duty created by the obligation operates only on the moral sense, without being enforced by any positive law, it is called an imperfect obligation. It creates no right of action, and has no legal operation. The duty of exercising gratitude, charity and the other merely moral duties, are examples of this kind of obligation. La.C.C. art. 1757.
It has been legislatively provided that a natural obligation, although unenforceable standing alone, may constitute the consideration for a new contract. However, no similar provision exists with regard to moral obligations. Since the legislature did not so provide, we must conclude that they did not desire that effect. It is not the role of this court to vary an expression of the legislative will. Consequently, we hold that the letters from Dr. Litel are not legally enforceable obligations.
Alternatively, the appellant argues that the agreement to provide college expenses for their major children was made in consideration of her acquiescence in the community property settlement and partition. Neither the Act of Partition of Real Property, the amendment to do it, nor the Settlement of Community contain any reference to the letter agreements. At trial, Mrs. Litel attempted, unsuccessfully, to introduce evidence of connexity of the letter agreements to the settlement of the community and the judgment of divorce.
Generally, in the absence of allegations of fraud, error or mistake, parole evidence is inadmissible to alter the terms of an authentic act. La.C.C. art. 2276: Smith v. Bell, 224 La. 1, 68 So.2d 737 (1953). The holding of this court in Steadman v. Steadman, 423 So.2d 710 (La.App. 3rd Cir. 1982) writ denied 429 So.2d 158 (La.1983) is equally applicable here.
"The community property settlement agreement clearly indicated the property included within the partition. Its provisions are clear and unambiguous. The agreement is also in authentic form, having been executed before a notary public and two witnesses in conformity with La.Civ.Code art. 2234. Therefore under La.Civ.Code art. 2236 the document is full proof of the agreement between the contracting parties. Since the agreement is clear and unambiguous as to the property included and there have been no allegations that the contract was a forgery, the trial court erred in varying the terms of the agreement by allowing parol evidence to show that the husband also received the life insurance and retirement benefits. See La.Civ.Code art. 2276; Brooking v. Brooking, 407 So.2d 1342 (La.App. 3rd Cir.1981); Gay v. Martinolich, 271 So.2d 689 (La.App. 1st Cir. 1972)." (Footnote omitted)
Consequently, we find no error in the trial judge's exclusion of parole evidence to vary the terms of the property settlement. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[*] Judge Alfred A. Mansour of the 9th Judicial District Court participated in this decision as Judge Pro Tempore of the Third Circuit Court of Appeal.
[1] This article was repealed and reenacted by Acts 1984, No. 331, effective January 1, 1985.
[2] This article was repealed and reenacted by Acts 1984, No. 331, effective January 1, 1985.