560 So.2d 917 (1990)
Mrs. Tatiana Turan DUE'
v.
Paul H. DUE'.
No. CA 89 0430.
Court of Appeal of Louisiana, First Circuit.
April 10, 1990.
Rehearing Denied June 4, 1990.
James A. McCain, New Orleans, for plaintiff-appellant Tatiana Turan Due'.
David Robinson, Baton Rouge, for defendant-appellee Paul H. Due'.
Before LOTTINGER, CRAIN and LeBLANC, JJ.
LOTTINGER, Judge.
This is an action to invalidate a community property settlement brought by Mrs. Tatiana (Tanya) Turan Due' against her former husband, Paul H. Due'. The trial court upheld the agreement, and plaintiff now appeals.

FACTS
Paul and Tanya Due' were married for 10 years. The incident causing the separation occurred on March 22, 1974, and a Petition for Separation was filed by Paul Due' on March 25, 1974. Paul had a telephone discussion with Tanya at this time wherein it was agreed that she would retain custody of their daughter, Domigne, and Paul would assume custody of their adopted son, Jean Paul. Tanya agreed not to contest the separation.
After this agreement was reached, Jerry Dodson, Paul's law partner, contacted Frank Fertitta, a long time friend of both Paul and Tanya, and asked him to serve as attorney of record and make an appearance to minimize the delays required to receive a default judgment. Mr. Fertitta agreed to act in this limited capacity.
Subsequent to the physical separation, although Paul had spoken to Tanya over the telephone, he had no idea where she had gone with the nine year old daughter, Domigne. On Monday, March 25, Jerry Dodson received a call from Domigne, who was his godchild, stating that Tanya had taken an overdose of pills in an apparent suicide attempt. Dodson and Paul immediately went to the motel where Tanya and Domigne were staying and called an ambulance to take Tanya to the emergency *918 room. Tanya was admitted to the Americare Hospital where it was determined that she had not actually attempted suicide. The following weekend Tanya had a pass from the hospital, and she and Paul met and discussed custody of both children, divorce and alimony or the lack thereof, and the assets and liabilities of the community and reached an agreement as to the partition of the community.
On Monday, April 1, Mr. Fertitta met Tanya after her discharge from the hospital and explained to her the capacity in which he was acting. She agreed that Fertitta would represent her in the separation proceeding, and that he would not get involved in an adversarial proceeding. The following day, Mr. Fertitta made an appearance on Tanya's behalf, and the separation was granted. That afternoon, Paul and Tanya met at Fertitta's office to execute the community property settlement. Paul had prepared this document based upon the agreement previously reached. Fertitta merely acted as notary. The divorce became final on April 26, 1974. This suit to annul the community property settlement and to partition the community by licitation was filed on November 4, 1974.

TRIAL COURT
Mrs. Due' claims that her husband failed to render an accounting to her at the dissolution of the community, and that the community property settlement is void because of fraud and lesion beyond moiety.
The trial court found that Mr. Due' fulfilled his duty to account, and the community property settlement was neither fraudulent nor lesionary.

ASSIGNMENTS OF ERROR
Mrs. Due' contends that the trial court erred in:
(1) finding that the defendant husband did not have a duty to account to his former wife under the law in 1974;
(2) not voiding the community property settlement in view of the defendant husband's admissions that he did not account to his wife;
(3) finding that plaintiff wife did not meet her burden of proof when in fact it was the law of 1974 that the burden fell on defendant husband;
(4) numerous evidentiary rulings, excluding evidence which would have allowed plaintiff wife to make that proof which she was not even required to make; and
(5) placing reliance on the opinion of defendant's expert witness when the fact and evidence upon which those opinions were based were never offered into evidence by defendant.

ASSIGNMENTS OF ERROR NOS. 1 AND 2
In Pitre v. Pitre, 247 La. 594, 172 So.2d 693, 695 (1965), the Supreme Court left no doubt that the husband as head and master of the community owes a duty to account to his wife upon the dissolution of the community, when the court said:
"Thus when the marriage is dissolved and the community property is to be partitioned, he [husband] stands in a fiduciary relationship toward his wife and owes to her the duty of full disclosure of the community property and its value, and must not conceal or misrepresent any material fact upon which she has a right to rely and upon which she might rely."
(172 So.2d at 695).
In setting aside the partition in Pitre the court found:
"The husband in this case breached the fiduciary duty which he owed his wife by not making a full disclosure of all pertinent facts regarding the community assets and liabilities. Specifically, he failed to disclose to her that the potential risk of the contingent liabilities was relatively small, a material fact she was entitled to know. In addition, he failed to disclose the true financial condition of the unprofitable motel and led his wife to believe that she could clear a substantial income from it each month. Because of his breach of his fiduciary duty a partition was consummated which resulted in great advantage to him and great prejudice *919 to his wife; and this partition must be set aside."
(172 So.2d at 699).
Plaintiff in brief argues that her former husband failed in his duty to account to her at the dissolution of the community. The term account can obviously have different meanings to different individuals and in different situations. To an accountant it may mean one thing, to a succession representative another, to a mandatory another, and ad infinitum. If plaintiff is arguing that a formal accounting listing assets with their estimated values as compared to liabilities is required by the husband to his wife at the dissolution of the community, no authority has been cited for such a proposition, nor have we been able to find any. What the supreme court required in Pitre and what we interpret that decision to mean is that the husband must be truthful and honest, he must not hide or fail to give any information to his wife, or stated another way, the wife must receive a true, honest, and full picture of the community.
The question is whether Paul Due' presented to his wife a true, honest, and full picture of the community, because admittedly he did not give to her a formal accounting. If he did, he has fulfilled not only his moral but his legal obligation as well. The trial judge concluded he did, and we agree.
Paul Due' testified that Tanya "knew full well what the situation ... was.... I think that Tanya undoubtedly knew what our financial situation was.... I felt that Tanya knew full well that if we had to sit down and add it all up, that by the time I got through giving her what I was giving herwell forget that. When you took all of the assets versus the contingent liabilities, yes, that at that point in time we were insolvent.... I don't know if I ever said anything if an audit were performed. I certainly indicated to her what the situation was."
Jerry Dodson confirmed that Tanya was very familiar with the financial situation of the law practice, the real estate developments, and the resulting impact on the community.
The testimony of Paul Due' and Jerry Dodson stands unrebutted in the record.
Thus we conclude that Paul Due' fulfilled his obligations to his wife. Though he did not present to her a formal accounting, he did paint a true, honest, and full picture of the community at the time of the dissolution.

ASSIGNMENTS OF ERROR NOS. 3, 4 AND 5
In assignments of error numbers 3, 4 and 5, plaintiff complains generally of evidentiary rulings made by the trial judge and that the trial judge held plaintiff did not carry her burden of proof.
The only jurisprudential reference to burden of proof by plaintiff is Troxler v. Troxler, 255 So.2d 240, 241 (La.App. 1st Cir. 1971), wherein a panel of this court stated, "[w]e find that the trial judge erred in his interpretation of the burden of proof required of the wife and in failing to consider the strict fiduciary duty imposed on the husband to make a full disclosure of assets." However, a careful review of Troxler reveals no further reference to burden of proof. Therefore, we do not consider Troxler as establishing a different rule on burden of proof than is ordinarily found, i.e. plaintiff has the burden to prove its case by a preponderance of the evidence. If Troxler stands for anything, it stands for the proposition that "the duty to disclose is [not] abrogated because the wife may be, in a given case, suspicious that her husband is concealing assets, more knowledgeable in business and advised by counsel." Troxler at 242.
What the trial judge in the case sub judice held is that the wife did not present sufficient evidence to prove that her former husband failed to fulfill his duty of presenting to her a truthful, honest, and full picture of the community. Plaintiff places great significance on then pending or then present real estate developments. We have carefully reviewed the testimony as well as all of the documentary evidence, and suffice to say, the community had either *920 a negative balance or at best a zero balance at the time of the dissolution. The reliance by plaintiff on financial statements either prepared or allegedly prepared by the husband is weak indeed considering that these statements painted the best case sceniaro at the time in order to obtain financing.
Evidentiary rulings and the utilization of alleged tainted evidence is of no moment inasmuch as we have reviewed the entire record and determine the result is correct.
Therefore, we hold that Mr. Due' did properly account to his wife for the value of the community prior to the signing of the community property settlement. The trial court is affirmed at appellant's costs.
AFFIRMED.