712 So.2d 625 (1998)
STATE of Louisiana in the Interest of Sharon PENN
v.
Shannon PENN.
No. 97 CA 1269.
Court of Appeal of Louisiana, First Circuit.
May 15, 1998.
*626 Michael Lee, Assistant District Attorney, Livingston, for Plaintiff/Appellee.
Robert Levenstein, LaPlace, for Defendant/Appellant.
Before CARTER and FITZSIMMONS, JJ., and CHIASSON,[1] J. Pro Tem.
CARTER, Judge.
This is an appeal from a judgment by the trial court ordering the defendant to pay $1,889.13 a month in child support for his three minor children.

FACTS
Shannon and Sharon Penn were divorced on April 12, 1994. One child was born during the marriage and Mr. Penn adopted two of Mrs. Penn's children born prior to the marriage. Mrs. Penn applied for Child Support Services with the State of Louisiana under LSA-R.S. 46:236.1, to have child support set and collected from Mr. Penn.
Mr. Penn's 1995 personal income tax return indicated his business income was $94,855.00. The income was generated by his automobile repair business, Shannon's Body Shop, of which Mr. Penn was the sole proprietor. In 1995, the Body Shop had gross sales of $612,308.00. His tax records also reflected total losses of $99,778.00 for the 1995 tax year. These losses were composed mainly of one time sales of property and $71,733.00 in losses from his health club, Shannon's Health & Fitness, which was organized as a Sub-chapter S corporation. Mr. Penn also sustained losses from depreciation and mortgage expense for the buildings he used in his two business. According to Mr. Penn's tax records, his adjusted gross income for 1995 was a loss of $5,746.00.
Although Mr. Penn had operated his auto repair business for over ten years, he had started his health club business soon after his divorce in 1994. The health club operated in a building Mr. Penn bought personally. The monthly note on the building was $3,100.00.
*627 The hearing officer disregarded Mr. Penn's losses, and commented that it was obvious from the evidence that the health club was being used as a tax shelter. The hearing officer further stated that Mr. Penn could not purposely reduce his personal income by investing in a losing business or any other losing investment to the detriment of his children. The hearing officer recommended Mr. Penn pay $1,889.13 per month. Mr. Penn filed an exception to the hearing officer's recommendation.
Another hearing was held on July 22, 1996, before the trial court. The trial court denied Mr. Penn's objection and signed a judgment in accordance with the hearing officer's recommendation that support be set at $1,889.13 a month.
Mr. Penn appeals from the judgment of the trial court on the basis that the trial court erred in not recognizing the financial losses he sustained in the operation of Shannon's Health and Fitness Center, Inc., a Sub-chapter S corporation.

DISCUSSION
LSA-R.S. 9:315(4)(c) provides:
"Gross income" means:
(c) Gross receipts minus ordinary and necessary expenses required to produce income, for purposes of income from self-employment, rent, royalties, proprietorship of a business, or joint ownership or a partnership or closely held corporation. "Ordinary and necessary expenses" shall not include amounts allowable by the Internal Revenue Service for the accelerated component of depreciation expenses or investment tax credits or any other business expenses determined by the court to be inappropriate for determining gross income for purposes of calculating child support. (Emphasis ours.)
A trial court's child support order will not be reversed except for abuse of discretion. Hogan v. Hogan, 549 So.2d 267, 271 (La.1989). In the present case, we are confronted with a defendant who operates two businesses; one is highly profitable, and the other operated at a loss since its inception. The hearing officer noted that Mr. Penn admitted the health club did not make a profit for 1994 or 1995, but found his explanation for why he did not sell the business was not credible.
The trial court followed the recommendation of the hearing officer and did not take into account Mr. Penn's losses from his health club in calculating Mr. Penn's support obligation. We do not find this exclusion an abuse of discretion under these circumstances. We agree with the reasons stated by the hearing officer that Mr. Penn could not purposely invest in a losing business to the detriment of his children. Nor are we bound to accept depreciation expenses allowed by the Internal Revenue Service to reduce a parent's support obligation. It is within the court's discretion to determine what is an inappropriate expense for determining gross income for purposes of calculating child support.
In the present case, the hearing officer found Mr. Penn's average monthly income to be $8,277.75 and Mrs. Penn's average monthly income to be $2,916.67, which would give a total monthly income of $11,194.42 to calculate the support obligation. This figure exceeds the maximum amount on the schedule. The hearing officer arrived at the figure of $1,889.13 as Mr. Penn's monthly support obligation. We do not find this figure to be an abuse of discretion.

CONCLUSION
After our review of the record, we find no error in the award of $1,889.13 per month for child support. The judgment of the trial court is affirmed with all costs of the appeal assessed against the defendant, Shannon Penn.
AFFIRMED.
NOTES
[1] Judge Remy Chiasson, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.