733 So.2d 1247 (1999)
STATE of Louisiana Through The DEPARTMENT OF SOCIAL SERVICES, OFS, Support Enforcement Services, in the Interest of Ashlyn Harrison, Minor Child(ren) of Joycelyn Harrison Brunswick
v.
Lawrence RODELL.[1]
No. 98 CA 0093.
Court of Appeal of Louisiana, First Circuit.
May 18, 1999.
*1248 Cazeline H. Dixon, Baton Rouge, Counsel for Plaintiff/Appellant State of Louisiana Support Enforcement Services.
Michael L. Harris, Baton Rouge, Attorney for Defendant/Appellee Lawrence Rodell.
BEFORE: FOIL, FOGG, FITZSIMMONS, KUHN, and WEIMER, JJ.
KUHN, Judge.
This is an appeal from a trial court judgment setting the child support obligation of the biological father in the amount of $550.00 per month. We conclude the record lacks an evidentiary basis to support the trial court's deviation from the statutory guidelines for the determination of child support set forth in La. R.S. 9:315.1. The matter is remanded with an order directing the trial court to determine, in conformity with our ruling as expressed herein, the monthly gross income of Ms. Brunswick, the mother of the minor child who is the subject of this action.

I. FACTUAL AND PROCEDURAL BACKGROUND
On November 23, 1992, the State of Louisiana, through the Department of Social Services, Office of Family Support, on behalf of Joycelyn Harrison Brunswick ("the State") filed a petition to establish paternity of Ms. Brunswick's minor child and to determine the monthly child support obligation owed by defendant, Rodell Lawrence, the alleged biological father of the minor child. According to the allegations of the State, defendant and Ms. Brunswick had a sexual relationship which resulted in the birth of the minor child. Results of blood tests revealed the probability of defendant's paternity of the minor child to be 99.9998%.
On March 23, 1995, the parties entered into a stipulated judgment which ordered defendant to pay, inter alia, child support in the sum of $450.00 per month. The judgment further provided that defendant's monthly child support obligation would be reviewed in December 1995. By agreement of the parties, the hearing for review of defendant's child support obligation was continued until January 1996.
*1249 After the hearing, the trial court found that a mechanical application of the child support guidelines would be inequitable and concluded a downward departure was warranted. By judgment dated June 17, 1996, the trial court ordered defendant to pay child support in the amount of $550.00 per month retroactive to December 8, 1995. After the trial court denied its motion for new trial, the State appealed, urging the trial court's determination is erroneous.

II. LAW
The guidelines set forth in La. R.S. 9:315-315.14 are to be used in any proceeding to establish or modify child support. La. R.S. 9:315.1 A. Use of the guidelines gives rise to a rebuttable presumption that the amount obtained is the proper amount of child support. Id. Under subpart B of Article 315.1, the court is permitted to deviate from the guidelines based on specified reasons, which must be included within the record, and which support a finding that application of the guidelines either is not in the best interest of the child or will be inequitable to the parties. La. R.S. 9:315.1 B. Subpart C of Article 315.1 details considerations the court may include in determining whether a departure from the guidelines is warranted. Although on appeal, a trial court's order of child support is generally subject to review for an abuse of discretion, see State in the Interest of Penn v. Penn, 97-1269 (La.App. 1st Cir.5/15/98); 712 So.2d 625, 627, deviations from the guidelines shall not be disturbed absent a finding of manifest error. La. R.S. 9:315.12.1.

III. MECHANICAL APPLICATION OF THE GUIDELINES

A. Gross Monthly Income of Mr. Lawrence
In her written reasons, the trial judge noted that defendant's monthly gross income at the time of the hearing was $9,618.00. Apparently adjusting defendant's gross monthly income in accordance with La. R.S. 9:315(1), which permits the court to subtract "amounts for preexisting child support ... obligations paid to another who is not a party to the proceedings," the trial judge allowed defendant a monthly credit of $1,039.00 for the underlying support obligation, as well as a monthly credit of $377.00 for the private school tuition he pays for his minor child who is not the subject of this action.[2] Thus, the trial court adjusted defendant's *1250 monthly gross income to $8,202.00.

B. Gross Monthly Income of Ms. Brunswick
The trial court utilized as Ms. Brunswick's gross monthly income the amount of $1,316.77, an amount she supplied in a column entitled, "TOTAL GROSS MONTHLY INCOME." A close scrutiny of the Income/Expense Affidavit of Ms. Brunswick reveals that it contains inconsistent information. Although Ms. Brunswick attested that her gross monthly income is "$1,316.77," after itemizing her payroll deductions, she indicates that her net monthly income is "$852.77/ (BIWEEKLY)." In his appellate brief, Mr. Lawrence avers that at a hearing on the new trial motion Ms. Brunswick filed after the trial court set Mr. Lawrence's monthly child support obligation at $550.00, Ms. Brunswick testified that she had erroneously stated her monthly income was $1,316.77 when in fact it was $2,633.54. Nothing in Ms. Brunswick's appellate brief casts doubt on this representation by Mr. Lawrence. Because the record lodged in this appeal by Ms. Brunswick does not contain a transcription of the hearing on the motion for new trial, we cannot definitively conclude what the actual gross monthly income of Ms. Brunswick was as of January 24, 1996, (the date of her Income/ Expense affidavit). We find the inconsistency in the Income/Expense affidavit creates an ambiguity that cannot be resolved by reading the entirety of the record. Therefore, in the interest of justice and in pursuit of the truth, we will remand this matter to the trial court for the sole purpose of determining whether Ms. Brunswick's monthly gross income on January 24, 1996, was: (1) $1,316.77, as she indicated in the column entitled "TOTAL GROSS MONTHLY INCOME"; (2) $2,633.54, as Mr. Lawrence asserts in his appellate brief and which parenthetically is the amount of Ms. Brunswick's gross monthly income if she was being paid twice per month; or (3) $2,853.00,[3] the amount of her gross monthly salary if she was being paid biweekly, as she indicated on her Income/Expense Affidavit.

C. Application of the Schedule for Support to Combined Adjusted Gross Monthly Income

i. If Ms. Brunswick's Gross Monthly Income is $1,316.77
To defendant's adjusted monthly gross income of $8,202.00, the trial court added the amount of $1,316.77 as Ms. Brunswick's monthly gross income, and concluded that combined adjusted monthly income of $9,518.77. Applying the schedule for support contained in La. R.S. 9:315.14, the trial court determined the parties' base obligation for child support for the minor child of Ms. Brunswick was $1,033.00. Calculating the percentage of defendant's proportionate share of the combined income to be 86% under La. R.S. 9:315.8(C), the trial court concluded that under a mechanical application of the guidelines, defendant's monthly child support obligation for his minor child born to Ms. Brunswick was $888.38.[4]
*1251 Accordingly, if on remand the trial court is presented evidence of a gross monthly income of $1,316.77, then under a mechanical application of the guidelines, Mr. Lawrence's monthly support obligation is $888.38, as the trial court concluded.

ii. If Ms. Brunswick's Gross Monthly Income is $2,633.54
If, however, Ms. Brunswick's monthly gross income is $2,633.54, then we conclude the child support obligation of Mr. Lawrence is $868.68. In arriving at $868.68 as the monthly amount of child support obtained under a mechanical application of the guidelines, we added to $8,202.00 (Mr. Lawrence's monthly adjusted gross income) the amount of $2,633.54 (Ms. Brunswick's monthly gross income) for a combined monthly income of $10,835.54. Applying the schedule of support contained in La. R.S. 9:315.14 to the combined adjusted monthly income of $10,835.54, we find that it exceeds the highest amount set forth in the schedule. Louisiana Revised Statutes Title 9, section 315.10 B directs the court to utilize its discretion in setting the amount of the basic child support obligation; however, the statute mandates that in no event shall the amount set be less than the highest amount provided for in the schedule. The highest scheduled amount for a combined adjusted gross monthly income for one child is $1,059.00. In the exercise of our discretion, we add to that an additional $84.00 (representing the approximately 8.36% above $10,000.00 of the parties' combined monthly adjusted gross income) for a base support obligation of $1,143.00. We calculate Mr. Lawrence's proportionate share of the combined adjusted monthly income as 76%, under La. R.S. 9:315.8(C). Applying 76% to the combined child support obligation of the parties in the amount of $1,143.00, we conclude that defendant's monthly child support obligation under a mechanical application of the guidelines if Ms. Brunswick's monthly gross income on January 24, 1996, is $2,633.54 would be $868.68.[5]
Accordingly, if the trial court should determine on remand that Ms. Brunswick's gross monthly salary on January 24, 1996, was $2,633.54, then under a mechanical application of the guidelines, Mr. Lawrence's monthly support obligation is $868.68.

iii. If Ms. Brunswick's Gross Monthly Income is $2,853.00
If on remand the trial court is presented with evidence showing that Ms. Brunswick's monthly gross income on January 24, 1996, was $2,853.00, then under a mechanical application of the guidelines, Mr. Lawrence's child support obligation would be calculated as follows. To the monthly adjusted gross income of Mr. Lawrence in the amount of $8,202.00, we add $2,853.00, representing Ms. Brunswick's monthly income, for a combined base adjusted gross monthly income of $11,055.00. Because this combined monthly adjusted income exceeds the highest amount set forth in La. R.S. 9:315.14, utilizing our discretion as provided for in § 315.10, we add to $1,059.00, the highest scheduled amount for one child, $105.00 (representing the approximately 10.05% above $10,000.00 of the parties' combined monthly adjusted gross income) for a base support obligation of $1,164.00. We calculate Mr. Lawrence's proportionate share of the combined adjusted monthly income as 74%, under La. R.S. 9:315.8(C). Applying 74% to the combined child support obligation of the parties in the amount of $1,164.00, we conclude that defendant's monthly child support obligation is *1252 $861.36.[6] Thus, the amount of $861.36, obtained by using the guidelines, is presumed under La. R.S. 9:315.1 A to be the proper amount of defendant's child support obligation if the evidence on remand establishes that Ms. Brunswick was earning a gross monthly income of $2,853.00 on January 24, 1996.

IV. DEVIATION FROM THE GUIDELINES
Turning now to the trial court's deviation from the guidelines and mindful of the mandate provided in La. R.S. 9:315.12.1, requiring a finding of manifest error before a trial court's deviation from the guidelines may be disturbed, we conclude the record does not contain an evidentiary basis to support the downward departure from a mechanical application of the guidelines whether the amount Mr. Lawrence is obligated to pay in child support under a mechanical application of the guidelines is $888.38 (if Ms. Brunswick's monthly gross income is determined to be $1,316.77); $868.68 (if Ms. Brunswick's monthly gross income is determined to be $2,633.54); or $861.36 (if Ms. Brunswick's monthly gross income is determined to be $2,853.00).
In concluding that a deviation was warranted under the facts of this case, the trial court's reasons for judgment indicate:
The income and expense affidavit submitted by Mr. Lawrence notes sizable expenses for the [college] school tuition for his son in addition to extraordinary monthly payroll deductions which total $7,337.70. These deductions yield disposable adjusted net income to Mr. Lawrence of $864.30. Of this adjusted net income Mr. Lawrence must pay all his ordinary monthly living expenses including a house mortgage note, food and utilities. Therefore, in accordance with Louisiana Revised Statutes 9:315.1 the Court finds that a mechanical application of the guidelines would be inequitable and deviates from the guidelines.
"Sizable expenses for school tuition" for his college-aged son and "extraordinary monthly payroll deductions," are not among the express considerations a court may include under La. R.S. 9:315.1 C(1)-(6) in determining whether to deviate from the guidelines. Thus, the sole issue is whether the record contains an evidentiary basis to support a factual conclusion that the "sizeable expenses for school tuition" defendant pays for his college-aged child and "the extraordinary monthly payroll deductions" defendant has withheld from his paycheck when added to the presumed proper monthly child support obligation (whether it is determined to be $888.38, $868.68 or $861.36) make application of the guidelines inequitable to the parties.
In his itemized expense affidavit, defendant included in his monthly "Educational Expenses" $1,777.00 for tuition for his son to attend Florida A & M University; $275.00 for student housing; $300.00 for his son's meals and miscellaneous expenses; and $133.00 for his son's student loan.[7] Although a father may have a moral obligation to finance a college education for a major child, there is no legal obligation to do so. See Litel v. Litel, 490 So.2d 741, 743 (La.App. 3rd Cir. 1986). Thus, we conclude that while consideration *1253 of the tuition and other college educational expenses defendant presently pays may make application of the guidelines inequitable to defendant's major son, there is no evidence to suggest that the consideration makes application of the guidelines inequitable to defendant.
Turning to the monthly payroll deductions characterized as "extraordinary" by the trial judge, our examination of the itemized expense affidavit of defendant reveals the following:

 1. CHILD SUPPORT $ 475.00
 2. DENTAL $ 52.12
 3. BASIC LIFE $ 7.50
 4. LTD $ 22.00
 5. MEDICAL $ 414.84
 6. GULP $ 26.00
 7. TOLEDO CU $3,334.00
 8. FED TAXES $1,648.56
 9. STATE TAXES $ 454.64
10. LOCAL TAXES $ 205.24
11. SOCIAL SEC $ 565.54
12. MEDICARE $ 132.26

Mr. Lawrence's income/expense statement indicates that the "TOLEDO CU" payroll deduction of $3,334.00 represents $2,443.08 for his monthly mortgage with the remaining $809.92 being applied to a debt consolidation. Thus, the trial court was clearly wrong in finding that after his payroll deductions, defendant "must pay all of his ordinary monthly living expenses including a house mortgage note" from his disposable adjusted net income of $864.30.
Insofar as the debt consolidation payroll deduction of $809.92, we find nothing in the record identifying the various debts which Mr. Lawrence had consolidated. Because Ms. Brunswick and Mr. Lawrence were never married, the underlying obligations could not have been of an extraordinary community debt of the parties under La. R.S. 9:315.1 C(4) so as to warrant a deviation from the guidelines. Absent an evidentiary basis explaining the various debts which were consolidated by defendant, it cannot be presumed that the $809.92 Toledo Credit Union payroll deduction warrants a deviation from the guidelines.
We likewise find that defendant's monthly mortgage obligation in the amount of $2,443.08, tendered to Toledo Credit Union via a monthly payroll deduction, is not a sufficient basis to warrant a deviation from the guidelines. The fact that a child support obligation for the minor child defendant has with Ms. Brunswick may interfere with the necessities of life at the standard of living Mr. Lawrence is accustomed to enjoying does not make application of the guidelines inequitable to the parties. The record establishes that the parties have sufficient income to meet their respective child support obligations under the guidelines.
The trial court's deviation from the guidelines lacks a reasonable factual basis and, therefore, is manifestly erroneous. As such, the trial court's judgment ordering Mr. Lawrence to pay child support in the amount of $550.00 is vacated.

CONCLUSION
We hold that because the record is void of evidence to suggest that adherence to the basic support schedule would be inequitable to the parties, see Miller v. Miller, 610 So.2d 183, 186 (La.App. 3rd Cir.1992), the trial court committed manifest error in deviating from the guidelines. Accordingly, that portion of the trial court judgment finding a mechanical application of the guidelines would be inequitable is vacated. The matter is remanded to the trial court for the sole purpose of ascertaining the correct gross monthly income of Ms. Brunswick as of January 24, 1996. If the trial court concludes the correct monthly gross income of Ms. Brunswick was $1,316.77, it shall order defendant, Rodell Lawrence, pay to the State of Louisiana, through the Department of Social Services, Office of Family Support, on behalf of Joycelyn Harrison Brunswick, child support in the amount $888.38; if the trial court concludes the gross monthly income of Ms. Brunswick as of January 24, 1996, was $2,633.54, it shall order defendant, Rodell Lawrence, pay to the State of Louisiana, *1254 through the Department of Social Services, Office of Family Support, on behalf of Joycelyn Harrison Brunswick, child support in the amount of $868.68. If the trial court concludes the correct gross monthly income of Ms. Brunswick as of January 24, 1996, was $2,853.00, it shall order defendant, Rodell Lawrence, pay to the State of Louisiana, through the Department of Social Services, Office of Family Support, on behalf of Joycelyn Harrison Brunswick, child support in the amount of $861.36. Once support is set in accordance with this ruling, the amount set for support shall be applied retroactively to December 8, 1995. Costs of this appeal are assessed one-half to Ms. Brunswick and one-half to Mr. Lawrence.
VACATED AND REMANDED WITH ORDER.
FOIL, J., dissents. I would affirm the trial court.
NOTES
[1] Although petitioner identified the alleged biological father, named a defendant in this lawsuit, as "Lawrence Rodell" in her original and amended petitions, we identify this defendant as "Rodell Lawrence" in conformity with his pleadings.
[2] The trial court's written reasons indicate the credit of $1,039.00 given to Mr. Lawrence for the child support obligation of his minor child who is not the subject of this action was based on the schedule for support for one child as set forth in La. R.S. 9:315.14. Although the record does not contain any evidence of the actual amount of support Mr. Lawrence pays on behalf of this minor child who is not the subject of this action, the State does not challenge the trial court's determination to allow Mr. Lawrence a credit for the minor child. While the State asserts that Mr. Lawrence's minor child who is not the subject of this action enjoys a higher standard of living than his minor child who is the subject of this action, it does not suggest the trial court committed error by allowing the credits in favor of Mr. Lawrence. Rather, the State requests only that the minor child of Ms. Brunswick "enjoy the same or similar standard of living as the child ... residing in his home."

We additionally note that in its appeal the State does not put into contention the trial court's determination that Mr. Lawrence is entitled to a monthly credit of $377.00 for the private school tuition expenses he incurs for his minor child who is not the subject of this action. Because La. R.S. 9:315.6(1) permits special educational expenses a party incurs on behalf of his child to be added to the basic child support obligation, we conclude the trial court implicitly applied § 315.6(1) and added the private school tuition expense to the underlying support obligation for which Mr. Lawrence is responsible. Based on this implicit rationale by the trial court and the lack of a challenge to this determination by the State, we cannot say the trial court abused its discretion by permitting a credit of $377.00 for the private school tuition expense as part of Mr. Lawrence's preexisting child support obligation under La. R.S. 9:315(1).
[3] Having taken judicial notice under La. C.E. art. 201(B) of the fact that there are fifty-two weeks in a calendar year, because Ms. Brunswick's Income/Expense Affidavit may be interpreted to state that she was being paid biweekly, we divided the fifty-two weeks by two and conclude there would be twenty-six pay periods if she had been paid on a biweekly basis. We then multiplied the biweekly gross income of $1,316.77 by twenty-six pay periods to obtain an annual income of $34,236.00. To adjust her annual income to a monthly figure, we divide $34,236.00 by twelve, for a gross monthly income of $2,853.00.
[4] We note that Ms. Brunswick's proportionate share of the combined monthly income would be 14%. Thus, Ms. Brunswick's monthly support obligation for the minor child who is the subject of this action is $144.62 under a mechanical application of the guidelines if Ms. Brunswick's monthly gross income is determined to have been $1,316.77.
[5] We note Ms. Brunswick's proportionate share of the combined monthly adjusted gross income would be 24%. Thus, Ms. Brunswick's monthly support obligation for the minor child who is the subject of this action is $274.32 under a mechanical application of the guidelines if Ms. Brunswick's monthly gross income is determined to have been $2,633.54.
[6] We note Ms. Brunswick's proportionate share of the combined monthly adjusted gross income would be 24%. Thus, Ms. Brunswick's monthly support obligation for the minor child who is the subject of this action is $279.36 under a mechanical application of the guidelines, if Ms. Brunswick's monthly gross income is determined to have been $2,853.00.
[7] Although there is nothing in the record unequivocally establishing the actual age of defendant's child who attends college, we conclude from the trial court's determination allowing defendant a credit for the preexisting support obligation of one child (when defendant has attested to the paternity of two children in addition to the child who is the subject of this action) that the college-attending child is of the age of majority and as such was not within the scope of the adjustment to gross income permitted under La. R.S. 9:315(1).