1,CHEHARDY, Judge.
In this domestic dispute, plaintiff appeals the trial court’s judgment regarding child support. For the following reasons, we affirm.
According to the pleadings, the parties were married on September 12, 1980, and divorced on February 4, 1997. Four children were born during the marriage. Since 1997, the two youngest children have resided with plaintiff and the two oldest children have resided with defendant.
On September 8, 1997, defendant filed a rale requesting child support. On September 30, 1997, plaintiff filed a rule requesting child support. The trial of the parties’ respective rules for child support was heard by consent of the parties by the Domestic Commissioner, Douglas A. Allen, on June 28, 29, and 30, 1999, and on July 13, and 15, 1999. On August 17, 1999, the Commissioner rendered a separate judgment and reasons for judgment. The judgment was adopted by the trial court on August 30, 1999. Plaintiff now appeals.
In his appeal, plaintiff argues that the amounts of the interim and final child support awarded in the judgment are unsupported by the record and are “outrageously high.” ^Plaintiff therefore requests that we modify the figures to reach “an appropriate child support figure.”
We initially note that the trial court is vested with much discretion in fixing the amount of child support, and such an award will not be disturbed on review unless there has been a clear abuse of this discretion or manifest error in his factual appreciations. Gautreau v. Gautreau, 96-1548 (La.App. 3 Cir. 6/18/97), 697 So.2d 1339; Timmons v. Timmons, 605 So.2d 1162 (La.App. 2 Cir.1992); State ex rel. Dept. of Social Services v. Rodell, 98-0093 (La.App. 1 Cir. 5/18/99), 733 So.2d 1247.
On appeal, plaintiff argues that the trial court erred in awarding $3,459.00 per month as interim child support, applied retroactively to the date of the filing of the rale, and further erred by increasing that amount and awarding $4,903.45 as final child support, applied prospectively from the date of judgment. Plaintiff, a medical doctor practicing in the fields of internal medicine and gastroenterology, alleges that this is especially true since his income decreased by $6,565.00 per month between 1997 and 1999. However, plaintiff fails to support his allegation that his. reduction in income makes the trial court’s child support awards erroneous. By plaintiffs own calculations, he was still earning $363,000.00 per year in 1999, which is $30,250.00 per month.
Plaintiff next argues on appeal that defendant’s documented child support expenses, which were submitted at trial and admitted into evidence, are “severely inflated and totally unsupported.” In brief, plaintiff individually attacks each of the categories of expenses for which receipts/cancelled checks were submitted at trial by defendant, including the amounts for school related expenses, vehicle expenses, gasoline, entertainment, utilities, food, clothes, household miscellaneous, medical, house cleaning, tuition, home payments, and other monthly expenses. Plaintiff then gives his own “appropriate expense list,” with a total of $2,288.30, which plaintiff requests we substitute for the trial court’s judgment.
Included in the record before us on appeal are the exhibits which were introduced at trial. Each of the categories of expenses as listed above contain numerous copies of 1 ¿receipts/cancelled checks. Defendant testified at trial that these receipts/cancelled checks represented the household expenses she paid over a period of approximately sixteen months. The average monthly expense, which is itemized and recapitulated at the end of defendant’s Exhibit No. 2, is $8,162.91. Defendant *30 then discounted those expenses to eliminate the proportion of expenses incurred by her new husband and herself. In its judgment, the trial court further modified defendant’s expense list, discounting several of the expenses by 60%, and finding that the monthly amount of $4,903.45 was a fair representation of the proportion of household expenses which are used to support the two oldest children.
Upon review, we find that the amounts of child support as set by the Domestic Commissioner and adopted by the trial court are reasonable based on the testimony and evidence submitted on the record at trial.
In deciding the amount of child support, consideration must be given to the needs of the children and to the circumstances of the parent who is obligated to pay it. The totality of the relevant circumstances must be considered. Where the parents’ financial circumstances permit, children who reside with the mother are entitled to the same standard of living that they enjoyed while residing with the father. Rosenbloom v. Rosenbloom, 94-1762 (La.App. 4 Cir. 4/26/95), 654 So.2d 877, writ denied, 95-1320 (La.9/1/95), 658 So.2d 1266; Zatzkis v. Zatzkis, 632 So.2d 307, 315 (La.App. 4 Cir.1993), writ denied, 640 So.2d 1340, 1341 (La.1994).
In this case, the combined gross income of the parties exceeds the highest figure on the Louisiana Child Support scale. La. R.S. 9:315.10(B) provides that “[i]f the combined adjusted gross income of the parties exceeds the highest level specified in the schedule contained in La. R.S. 9:315.14, the Court shall use its discretion in setting the amount of the basic child support obligation.”
After a thorough review of the record before us, we do not find that the trial court abused its discretion in setting the amounts of interim child support and final child support. Therefore, for the foregoing reasons, the August 17, 1999 judgment of the Domestic ^Commissioner, adopted by the trial court on August 30, 1999, is hereby affirmed. Costs of this appeal are assessed against plaintiff.

AFFIRMED.